## CLOUD v VANCE

Docket No. 78-2619. Submitted February 14, 1980, at Detroit.—Decided May 19, 1980.

Johnny Cloud, hereinafter plaintiff, sued Felton Vance, hereinafter defendant, for damages arising out of an automobile collision. Travelers Insurance Company, hereinafter garnishee-defendant, obtained a declaratory judgment relieving it of any liability under an insurance policy it issued previously to defendant. Plaintiff was not a party to the declaratory judgment action and was not given notice of the action. Subsequently, plaintiff obtained a default judgment against defendant and later sought collection from garnishee-defendant by way of a writ of garnishment. Garnishee-defendant filed a disclosure denying any liability to defendant and moved for summary judgment on the garnishment. Wayne Circuit Court, Charles Kaufman, J., granted garnishee-defendant's request for summary judgment, based on garnishee-defendant's declaratory judgment against defendant. Plaintiff appeals. *Held:*

1. A plaintiff who has not been given notice of a declaratory judgment action between a defendant and a garnishee-defendant insurance company, in which the garnishee-defendant was granted a judgment relieving the garnishee-defendant of any liability under an insurance policy it issued to the defendant, is entitled to a hearing on the merits regarding any obligations owed by the garnishee-defendant to the plaintiff under the policy of insurance issued by the garnishee-defendant to the defendant.

2. A summary judgment granted to the garnishee-defendant was improper where the plaintiff was not given notice of an earlier declaratory judgment action between the garnishee-defendant insurance company and the defendant in which the garnishee-defendant was granted a declaratory judgment reliev-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 6 Am Jur 2d, Attachment and Garnishment § 357 *et seq.*
[3] 44 Am Jur 2d, Insurance § 1575 *et seq.*
[4] 46 Am Jur 2d, Judgments § 394.

ing the garnishee-defendant of any liability under an insurance policy it earlier issued to the defendant.

3. An injured plaintiff has a substantial interest in the insurance policy of an insured defendant and thus the plaintiff has a legitimate interest in litigating the coverage of that policy.

4. The declaratory judgment was not res judicata as between the parties to this action because the declaratory judgment action and this action were not between the same parties or their privies.

Reversed and remanded.

1. MOTIONS AND ORDERS — NOTICE — GARNISHMENT — DECLARATORY JUDGMENTS — INSURANCE.

A plaintiff who was not given notice of a declaratory judgment action between a garnishee-defendant insurance company and the principal defendant in which the garnishee-defendant was granted a judgment against the principal defendant relieving the garnishee-defendant of any liability under an insurance policy it issued to the principal defendant, is entitled to a hearing on the merits regarding any obligations owed by the garnishee-defendant to the plaintiff under the policy of insurance issued by the garnishee-defendant to the principal defendant.

2. MOTIONS AND ORDERS — GARNISHMENT — INSURANCE — DECLARATORY JUDGMENTS — NOTICE.

Summary judgment granted to a garnishee-defendant is improper where the plaintiff was not given notice of an earlier declaratory judgment action between the garnishee-defendant insurance company and the principal defendant in which the garnishee-defendant was granted a judgment relieving the garnishee-defendant of any liability under an insurance policy it earlier issued to the principal defendant.

3. INSURANCE — TRIAL.

An injured plaintiff has a substantial interest in the insurance policy of an insured defendant and thus the plaintiff has a legitimate interest in litigating the coverage of that policy.

4. JUDGMENTS — RES JUDICATA.

There are three prerequisites to the application of the res judicata doctrine: (1) the former action must have been decided on the merits; (2) the same matter raised in the second action must have been decided in the first; and (3) the two actions must be between the same parties or their privies.

*Rifkin, Kingsley & Rhodes,* for plaintiff.

Felton Vance, *in propria persona.*

*Law Offices of David J. Capriccioso* (by *Mark S. Goldberg),* for garnishee defendant Travelers Insurance Company.

Before: BRONSON, P.J., and BEASLEY and D. C. RILEY, JJ.

BEASLEY, J. Plaintiff-appellant sued defendant Vance for damages arising out of an automobile collision on January 18, 1974. Plaintiff obtained personal service on defendant and an attorney, retained by garnishee-defendant Travelers Insurance Company (Travelers), filed an appearance and answer on defendant's behalf. Plaintiff submitted interrogatories to defendant and, receiving no answers, filed a motion to compel answers. Counsel for defendant then filed a motion to withdraw, on the basis that defendant was not cooperating, which motion was granted on September 18, 1975.

Then, plaintiff, Cloud, and garnishee-defendant, Travelers Insurance Company, went their separate ways for a time. Travelers filed a declaratory judgment action against defendant Vance, seeking a ruling that it had no further obligation under the insurance policy it had issued to Vance. On March 15, 1977, Travelers obtained a declaratory judgment relieving it of any liability under the insurance policy heretofore issued to defendant Vance. Plaintiff was not a party to the declaratory judgment action and claims no notice was given to him until after the declaratory judgment had been entered.

On April 26, 1977, plaintiff obtained a default

judgment against defendant Vance in the sum of $25,000. Plaintiff sought collection from Travelers, by way of a writ of garnishment, on the liability insurance policy. Travelers filed disclosure denying liability to defendant Vance and moved for summary judgment on the garnishment.

Although unclear from the record, it appears that this motion was founded on GCR 1963, 117.2(1) and (3), that plaintiff failed to state a claim upon which relief could be granted, and that there was no material question of fact, therefore, defendant was entitled to judgment as a matter of law. On June 13, 1978, the trial court granted defendant's motion, noting that, based on defendant Travelers' declaratory judgment against Vance, Vance was uninsured at the time of the accident in question. Plaintiff now appeals as of right.

The question is whether plaintiff is precluded from a hearing on the merits regarding any obligations owed by garnishee-defendant, Travelers Insurance Company, to plaintiff under the insurance policy issued to defendant Vance. We do not believe that plaintiff is precluded from such a hearing. We hold that summary judgment was improvidently granted, and must be set aside.

Defendant Travelers argues that the declaratory judgment which it obtained against defendant Vance relieved it from any and all obligations on the insurance policy issued to Vance, and that plaintiff cannot now raise this issue. We do not agree.

Initially, we note that the plaintiff in this case had a substantial interest in the proceeds of the insurance policy between defendant Travelers and defendant Vance. When plaintiff obtained judgment against defendant Vance, plaintiff succeeded

to Vance's right against defendant insurance company, and was entitled to proceed by way of writ of garnishment.[1]

In *Flanagan v Harder,*[2] the Supreme Court indicated the scope of an injured plaintiff's interest in a defendant's insurance policy, by stating that the plaintiff had a "substantial interest in the policy" and by allowing plaintiff to have the policy reformed rather than simply determining liability on the policy as it stood:

"The injured person, after judgment and the return of an unsatisfied execution, has a substantial interest in the insolvent's policy, and should be able to have the policy reformed if necessary, especially where the insurer attempts to deprive the injured party of legal rights by means of a fraudulent release."[3]

In the recent case of *Security Ins Co of Hartford v Daniels,*[4] this Court held:

"We believe that Daniels also has an interest in the coverage issue. Although Daniels was barred from joining the insurance companies in the original action, if he were to succeed in that action, he would be entitled to litigate the coverage issue in a subsequent action against the insurance companies. See *Meirthew v Last,* 376 Mich 33; 135 NW2d 353 (1965). Thus, he has an interest in resolution of that issue."

Also instructive in this case is *Allen v Cheatum,*[5] which is another unforgettable Justice VOELKER opinion involving a coverage issue where noncooperation by the insured was claimed.

---

[1] *Meirthew v Last,* 376 Mich 33; 135 NW2d 353 (1965).

[2] 270 Mich 288; 258 NW 633 (1935).

[3] *Id.* at 292.

[4] 70 Mich App 100, 105; 245 NW2d 418 (1976).

[5] 351 Mich 585; 88 NW2d 306 (1958).

We hold that these cases show that plaintiff had a legitimate interest in litigating the coverage issue with the insurer. Such interest is not limited to situations where the insured is bankrupt or insolvent, as indicated in MCL 500.3006; MSA 24.13006.

Of course, garnishee-defendant argues that if plaintiff is placed in the shoes of the insured, then, under strict logic, his claim is subject to all valid defenses which could be asserted against the insured at the time of the garnishment action. Garnishee-defendant would reason that plaintiff is bound by the default judgment on the coverage issue and that it is res judicata, and further, that plaintiff is collaterally estopped from attacking that judgment.

Defendant Travelers would argue that the prerequisites for res judicata, as indicated in *Bousson v Mitchell,*[6] are met:

"There are three prerequisites to the application of this doctrine. First, the former action must have been decided on the merits. Second, the same matter raised in the second action must have been decided in the first. Third, the two actions must be between the same parties or their privies."

We do not so hold. While we would doubt that Travelers' default judgment against its own insured on the coverage issue can fairly be described as a decision on the merits, we need not decide that issue here because we find that the third requirement for res judicata has not been met.

In this case, plaintiff had an independent interest in the insurance policy from the time of the accident, contingent upon his recovery against the

[6] 84 Mich App 98, 101; 269 NW2d 317 (1978).

defendant. As we have indicated, we also find that under the circumstances of this case, plaintiff was entitled to notice of the declaratory judgment action brought by defendant insurance company. Similarly, we reject application of the doctrine of collateral estoppel as set forth in *City of Mason v Mason State Bank*.[7]

Thus, while the declaratory judgment would be a valid defense against defendant Vance, it is not a valid defense against plaintiff. To hold otherwise would give an insurance company an easy out to escape liability to plaintiffs who successfully assert claims against the insured. All such an insurance company would have to do would be to obtain a default declaratory judgment against its own insured in order to escape such responsibility.

We note that defendant insurance company had every right to litigate the coverage issue between it and its insured in the declaratory judgment action. However, under the circumstances of this case, we do not permit defendant insurance company to defeat a possible, known claim against it by plaintiff in a declaratory judgment action processed without either notice to plaintiff or an opportunity to plaintiff to intervene and be heard.

In setting aside the grant of summary judgment in this case, we are merely affording plaintiff a trial on the merits regarding whether or not defendant insurance company is obligated under the terms of the insurance policy with respect to the judgment of this plaintiff against the insured.

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[7] 63 Mich App 288; 234 NW2d 489 (1975).