ALLSTATE INSURANCE COMPANY v HAYES

Docket No. 92228. Argued October 13, 1992 (Calendar No. 4). Decided April 13, 1993.

Allstate Insurance Company brought an action in the Genesee Circuit Court against Daniel Hayes, William Keillor, as personal representative of the estate of Susan Keillor, deceased, and others, seeking a declaration that a homeowner's policy issued to Daniel Hayes' father, with whom Daniel resided, did not provide Daniel liability coverage for giving liquor to a minor who subsequently was involved in a head-on collision while allegedly intoxicated that killed Susan Keillor. Keillor brought a counterclaim against Allstate and a cross-claim against Hayes. Hayes did not respond to either claim, but declared in an affidavit that he chose not to contest the question of coverage. The court, Judith A. Fullerton, J., granted a default judgment against Hayes for Allstate and Keillor and granted summary disposition for Allstate against Keillor. The Court of Appeals, HOOD, P.J., and JANSEN and G. S. ALLEN, JJ., affirmed, holding that Keillor did not have standing to contest the existence of coverage under the policy because he was not a third-party beneficiary of the policy and stated that once Daniel Hayes conceded that there was no coverage and had a default entered against him, Keillor could not continue to pursue the action to enforce the insurance contract (Docket No. 116006). Keillor appeals.

In an opinion by Justice BOYLE, joined by Chief Justice CAVANAGH, and Justices LEVIN, BRICKLEY, and MALLETT, the Supreme Court held:

A default judgment entered against an insured does not deprive the trial court of its power to declare the rights and liabilities of the parties remaining before it and does not bind an injured party.

1. An injured party named as a defendant in an insurer's action for declaratory judgment is a proper party to that action, and the default of the insured does not preclude the injured party's rights. The actual controversy between the insurer and the injured party remains viable. The default judgment against the insured does not destroy the injured party's interest in the subject matter of the litigation, nor does

it operate to bind the injured party; rather, it operates only as an admission of liability against the party who defaulted.

2. Once Allstate pleaded and proved that an actual controversy existed between itself and Keillor, the trial court had the power to make a declaration regarding the coverage provided by Allstate's policy. The court's authority to declare the rights of a named interested party was not eliminated by the entry of the default judgment against the insured. Thus, the Court of Appeals erred in upholding the trial court's decision that the default judgment entered against Hayes bound Keillor.

Justices RILEY and GRIFFIN concurred in the result only.

Reversed and remanded.

190 Mich App 499; 476 NW2d 453 (1991) reversed.

*Chasnis, Dogger & Grierson, P.C.* (by *John A. Chasnis*), for the plaintiff.

*Philip D. Swann* for the defendant.

Amici Curiae:

*Gross & Nemeth* (by *James G. Gross*) for Michigan Association of Insurance Companies.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*) for Michigan Trial Lawyers Association.

BOYLE, J. In an action for declaratory judgment brought by an insurer against the insured and the injured party, the question presented is whether a default judgment entered against the insured deprives the trial court of its power to declare the rights and liabilities of the parties remaining before it. We hold that it does not. We also hold that the default judgment entered against the insured does not bind the injured party. Because the court had the authority to declare the parties' rights even after the default of the insured, William Keillor was entitled to contest Allstate's request for a declaration of no coverage. We reverse the

decision of the Court of Appeals and remand this case for consideration of the remaining issues.

I

Twenty-year-old Daniel Hayes was about to enter the United States Air Force. On March 8, 1986, one week before his planned entry date, Hayes gave himself a going away party at the home of a friend whose mother worked at night. Hayes bought two kegs of beer for the partygoers and charged each one dollar to cover the costs. Eighteen-year-old Scott Koppelberger attended Hayes' party and allegedly was intoxicated when he left early the next morning. Susan Keillor was on her way to work at 6:30 A.M., when her vehicle was involved in a head-on collision with Koppelberger's vehicle. Ms. Keillor was killed instantly.

William Keillor, individually and as personal representative of the estate of Susan Keillor, filed an action against Koppelberger, Hayes, and others, alleging negligence, wrongful death,[1] and violations of the dramshop act.[2]

Hayes, who lived with his father at the time, tendered the defense of the action to his father's homeowner's insurer, Allstate Insurance Company. The attorney Allstate hired for Hayes answered the Keillor complaint, and, two months later, Allstate sent Hayes a reservation of rights letter.

Allstate filed a complaint requesting a declaration that the policy did not provide liability coverage for Hayes' alleged actions. It asserted that coverage was precluded both by the criminal/intentional acts exclusion and the automobile exclusion. Allstate named Hayes and others, including Keillor, as defendants in the action.

[1] MCL 600.2922 et seq.; MSA 27A.2922 et seq.
[2] MCL 436.22; MSA 18.993.

Keillor responded by filing an answer which admitted Allstate's allegation of an actual controversy between the parties and asked for a declaration that coverage under the policy existed.[3] Keillor also filed a counterclaim against Allstate and a cross-claim against Hayes, which independently requested a declaration of coverage. Hayes did not respond either to Allstate's complaint or Keillor's cross-claim for declaratory judgment.

Before the default judgment was entered, Allstate's attorney obtained a nonmilitary affidavit from Hayes, which stated, in effect, that Hayes understood the legal ramifications of Allstate's contesting coverage under the policy, and that Hayes had chosen not to retain his own attorney to contest the coverage question. On the basis of the affidavit, the court granted a default judgment in favor of Allstate and Keillor.

Allstate moved for summary disposition against Keillor in part on the basis of Hayes' default. Under MCR 2.116(C)(8), Allstate alleged that Keillor had not stated a claim upon which relief could be granted. Nor, according to Allstate, had Keillor alleged a valid defense to Allstate's action under MCR 2.116(C)(9). Furthermore, Allstate claimed that no genuine issue of material fact existed under MCR 2.116(C)(10) because Hayes' alleged liability arose out of an illegal purchase and resale of alcohol and the use of an automobile. Moreover, Allstate argued that because the default judgment

---

[3] Keillor's answer denied that Allstate undertook Hayes' defense under a reservation of rights, noting that the reservation of rights letter had not been sent until two months after Allstate answered Keillor's complaint. It also denied that the accident arose out of Hayes' use of a motor vehicle. In addition, the answer set out several affirmative defenses. Among these were waiver and estoppel on the basis of the untimely reservation of rights letter. See *Meirthew v Last,* 376 Mich 33; 135 NW2d 353 (1965) (an insurer is subject to the defenses of waiver and estoppel if it defends without first reserving its right to later assert its policy defenses).

had already determined that the policy Allstate issued to Hayes' father did not provide liability coverage for Hayes, it barred coverage and bound Keillor.

The trial court granted Allstate's motion and found as follows:

(1) That Defendant, William Keillor, Personal Representative of the Estate of Susan Keillor, Deceased, does not have standing to contest the ambiguity and/or application of language within the insurance policy entered into between Allstate Insurance Company and David Hayes;

(2) That the criminal act exclusion within the Allstate Insurance Company homeowner's policy between Allstate Insurance Company and David Hayes is not ambiguous, and is applicable to the crime of illegally purchasing and/or illegally selling alcohol, thereby excluding coverage with respect to the case as presented;

(3) That the motor vehicle exclusion within the Allstate Insurance Company homeowner's insurance policy is applicable to the fact situation herein for those reasons more fully set forth within *State Farm v Huyghe,* 144 Mich App 341 [375 NW2d 442 (1985)], and consequently, coverage is unavailable for the claims before the Court; and

(4) That Default Judgment as to Defendant, Daniel Hayes, entered on September 26, 1988, finding that the homeowner's policy does not provide liability insurance coverage to said Daniel Hayes for the injuries complained of, is an effective bar to coverage for Daniel Hayes, and is binding upon Defendant, William Keillor.

Keillor appealed as of right in the Court of Appeals, and the Court of Appeals affirmed. 190 Mich App 499; 476 NW2d 453 (1991). It held that Keillor did not have standing in an action for declaratory judgment to contest the policy coverage because Keillor was not a third-party benefi-

ciary. The Court also stated that "[o]nce the insured conceded that there was no coverage and had a default entered against him, defendant could not continue to pursue the action to enforce the insurance contract." *Id.* at 502. Keillor appealed, and this Court granted leave. 439 Mich 1002 (1992).

We now hold that once Allstate began its action for declaratory judgment and alleged that an actual controversy existed between itself and its insured and Keillor, the trial court could declare the rights and responsibilities of all interested parties before it. This power was not destroyed by virtue of the default judgment entered against the insured. Although the court might have refused to declare the rights of the remaining parties, leaving Keillor to pursue the underlying tort action[4] and, if successful, a garnishment action against Allstate, it was within its discretion to allow the action to continue and declare the rights of the parties remaining before it.

II

The parties frame the issues involved in terms of standing, the binding effect of default judgments, and the rights of "stranger[s] to the contract." Specifically, Keillor argues that the tort victim has a sufficient interest in the tortfeasor's insurance policy to give the victim "standing to litigate coverage issues" where the victim was named by the insurer as a defendant in the action for declaratory judgment. Keillor also argues that a default judgment against a "non-answering insured defendant" does not bind the injured party

[4] Keillor could not, however, have joined the insurance company in this action because of the statutory prohibition against joinder of the insurance company in the action against the tortfeasor. See MCL 500.3030; MSA 24.13030.

who "appears and vigorously defends on the merits of the coverage issues."

Allstate also frames its issues in terms of standing, but does not differentiate between standing to prosecute an independent claim for declaratory judgment, and the "standing" of an injured party joined as a defendant by the insurer to litigate the coverage question. Furthermore, Allstate argues that its insured "agreed that the contract does not apply to a claim against the indemnitee,[5] and the parties to the indemnity contract allow[ed] the entry of judgment determining no right or duty of indemnity exists," and therefore Keillor, as a "stranger to the contract" cannot "contest contractual language[.]"[6]

We do not reach the issue whether an injured party has a "vested" interest from the time of the injury, which would permit the institution by the

---

[5] Hayes' affidavit of military service was made in conjunction with the default judgment entered against him. See MCR 2.603(C). In it Hayes stated only that "it is not my intent to hire an Attorney to contest the applicability of said homeowner's insurance policy to my potential liability as set forth above." It further averred that Hayes understood that the coverage contest might "result in a determination that I do not enjoy insurance coverage for the personal litigation set forth above." Moreover, the affidavit stated that Hayes understood that

> if there is a determination that I do not enjoy insurance coverage for the personal litigation . . . that Allstate Insurance Company will no longer provide an Attorney in the defense of the underlying personal injury action and that I may have a judgment rendered against me for which I may be personally liable.

The affidavit was prepared by an attorney for Allstate.

[6] The policy issued by Allstate is not one of indemnity, that is, the policy does not require that the insured first pay any judgment before the insurer is liable to its insured. The policy is, instead, one of liability. That is, the insured is not required to first pay the judgment. After all, "the purpose of the liability policy is to shield the insured from being required to make any payment on the claim for which he is liable." 11 Couch, Insurance, 2d (rev ed), § 44:4, p 188.

injured party of an action for declaratory relief.[7] That is not the issue here. Nor is the issue whether Keillor could present a case or controversy sufficient to invoke the jurisdiction of the court as plaintiff. The precise issue is whether Keillor, as a joined defendant, has standing in a declaratory action instituted by the insurer to pursue the action to a final determination of policy coverage. The Court of Appeals held that because Keillor was not a third-party beneficiary of the insurance contract, he "could not continue to pursue the action" after the insured's default. 190 Mich App 502. While the Court of Appeals correctly concluded that Keillor was not a third-party beneficiary, it erred in concluding that third-party-beneficiary status was necessary to allow Keillor to "continue to pursue the action" for a declaration of coverage. The nature of the procedural remedy is to declare interests not yet vested. Thus, the fact that the injured party is not a third-party beneficiary of the insurance contract is not determinative of his "standing" to continue the action for a declaration of his rights as a conceded real party in interest.

---

[7] Compare *Reagor v Travelers Ins Co,* 92 Ill App 3d 99; 47 Ill Dec 507; 415 NE2d 512 (1980), where the court held for public policy reasons that members of the public in general are beneficiaries of a liability insurance policy, with *Googe v Florida Int'l Indemnity Co,* 262 Ga 546; 422 SE2d 552 (1992) (a member of the public does not qualify as a third-party beneficiary of municipal liability policy under Georgia law).

Nor do we express any opinion regarding the standing of "strangers" to bring citizen suits challenging administrative actions. *Lujan v Defenders of Wildlife,* 504 US —; 112 S Ct 2130; 119 L Ed 2d 351 (1992); Sunstein, *What's standing after* Lujan? *Of citizen suits, "injuries," and article III,* 91 Mich L R 163 (1992).

III

Procedure should be the "handmaid of justice,"
a means to an end. Instead . . . procedure tends to
become rigid, stereotyped, and over-technical, an
end in itself, often seemingly oblivious to the
practical needs of those to whose ills it is designed
to minister. Litigants thus often become pawns in
a game, the social cost of which is excessive and
the result of which is frequently unnecessarily
cumbersome and socially undesirable. Substantive
rights often become the incidents of procedural
fencing. [Borchard, Declaratory Judgments (2d ed),
Preface to First Edition, p xiii.]

With this introduction to his classic work, Dean
Edwin Borchard promoted the remedial advan-
tages of declaratory relief and urged rejection of a
formalistic approach that would limit its availabil-
ity.[8] Contemporary courts have repeatedly recog-
nized that the purpose of the rule is to allow

---

[8] Borchard's apprehension was well founded. The Michigan Su-
preme Court was the first to pass on the constitutionality of the
Uniform Declaratory Judgment Act, finding it unconstitutional in
conferring power "not judicial." *Anway v Grand Rapids Ry Co*, 211
Mich 592, 622; 179 NW 350 (1920). Following *Anway*, Michigan and
other states amended their statutes to insert the phrase "cases of
actual controversy," and although this statute was upheld in Michi-
gan, *Washington-Detroit Theatre Co v Moore*, 249 Mich 673; 229 NW
618 (1930), judicial interpretation of the phrase narrowed the availa-
bility of relief. 3 Martin, Dean & Webster, Michigan Court Rules
Practice (3d ed), pp 422-423. Martin, Dean & Webster give several
examples.

The "actual controversy" requirement was applied strictly.
At times an overly strict application made declaratory judg-
ment unavailable in the very type of situation where it was
intended to offer relief. See *McLeod v McLeod*, 365 Mich 25;
112 NW2d 227 (1961), criticized in note 61 Mich L R 191 [1962].
An early decision ruled that declaratory judgment could not
be allowed where plaintiff had an alternative remedy available.
*Miller v Siden*, 259 Mich 19; 242 NW 823 (1932). . . .
Further, though there was no basis in the statute for such a
limitation, it was ruled that the court lacked jurisdiction to
entertain a petition for a declaratory judgment where the
issues in the case raised questions of fact. *Rott v Standard*

parties to avoid multiple litigation by enabling litigants to seek a determination of questions formerly not amenable to judicial determination, and that the rule is to be " 'liberally construed to provide a broad, flexible remedy with a view to making the courts more accessible to the people.' " *Detroit Base Coalition for Human Rights of Handicapped v Dep't of Social Services,* 431 Mich 172, 191; 428 NW2d 335 (1988), quoting *Shavers v Attorney General,* 402 Mich 554, 588; 267 NW2d 72 (1978).[9] Moreover, the declaratory remedy is an especially appropriate vehicle for resolving insurance coverage disputes. *Group Ins Co v Morelli,* 111 Mich App 510; 314 NW2d 672 (1981).

A

The court rule governing actions for declaratory judgment, MCR 2.605, confirms the authority of a court to "declare the rights and other legal relations of an interested party seeking a declaratory judgment" "[i]n a case of actual controversy within its jurisdiction."[10] While "[i]t is essential in an

---

*Accident Ins Co,* 299 Mich 384; 300 NW 134 (1941). [*Id.* at 422-423.]

Narrow interpretations of the availability of declaratory relief were decisively rejected with the advent of GCR 1963, 521. *Id.* at 423. The drafters of the court rule recognized the usefulness of the action for declaratory judgment and intended "to 'provide for the broadest type of declaratory judgment procedure.' " *Id.* at 423, quoting Committee Notes to GCR 1963, 521.

[9] However, the remedy is procedural and does not enlarge the subject matter jurisdiction of the court. *Boyd v Nelson Credit Centers, Inc,* 132 Mich App 774; 348 NW2d 25 (1984).

[10] MCR 2.605 provides in relevant part:

(A) Power to Enter Declaratory Judgment

(1) In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

action for declaratory judgment that all parties having an apparent or possible interest in the subject matter be joined so that they may be guided and bound by the judgment," 190 Mich App 503, citing *Drainage Bd v Village of Homer,* 351 Mich 73, 85; 87 NW2d 72 (1957), plaintiff contends that the fact that the estate was added as a defendant does not confer "standing" on William Keillor to sue.

Properly understood, however, the actual controversy requirement is simply a summary of justiciability as the necessary condition for judicial relief. Borchard, *supra* at 33. Thus, if a court would not otherwise have subject matter jurisdiction over the issue before it or, if the issue is not justiciable because it does not involve a genuine, live controversy between interested persons asserting adverse claims, the decision of which can definitively affect existing legal relations, a court may not declare the rights and obligations of the parties before it. *DAIIE v Sanford,* 141 Mich App 820; 369 NW2d 239 (1985).[11]

---

(2) For the purpose of this rule, an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment.

[11] As Dean Borchard recognized:

This has required a broadening of the conception of "cause of action" and of the view that the judicial process is merely a means of redress for committed physical "wrongs." It require[s] an appreciation of the fact that harm is done and rights are jeopardized by mere dispute or challenge without any physical attack. The mere existence of a cloud, the denial of a right, the assertion of an unfounded claim, the existence of conflicting claims, the uncertainty or insecurity occasioned by new events —these phenomena constitute the operative facts, the cause for action which creates the "right of action." The court in rendering a judicial declaration of rights thus becomes an instrument not merely of curative but also of preventive justice. [Borchard, *supra* at xiv.]

Somewhat more obliquely, Allstate also contends that the trial court's determination regarding Hayes extinguished Keillor's interest in the coverage question. We do not agree. The declaratory judgment statutes and our own court rule authorize the court to enter a judgment "grant[ing] the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded that relief in his or her pleadings." MCR 2.601. Moreover, as the Court of Appeals has correctly held, the injured party in an insurer's action for declaratory judgment is a proper party to that action. *Cloud v Vance,* 97 Mich App 446; 296 NW2d 68 (1980).[12]

In short, once Allstate named Keillor as a defendant in its action for declaratory judgment, and asked the court to interpret the insurance contract, the court possessed the power to declare the rights of any interested party before it. It could

---

[12] In *Cloud,* the insurer had obtained a default judgment against its insured on the coverage question in an earlier action for declaratory judgment. After the injured party had obtained a judgment against the insured tortfeasor, it brought a garnishment action against the insurer. The insurer attempted to defend by using the insured's default in the declaratory judgment action. The insurer argued that the victim was collaterally estopped from attacking the judgment that the policy did not provide liability coverage, which it had obtained by default.

The Court of Appeals did not agree. It held that because the actions were not between the same parties or their privies, the injured party could not be collaterally estopped from arguing the coverage question in the garnishment action. The injured party was entitled to notice of the declaratory judgment action and was entitled to an opportunity to intervene in that action. Absent notice and intervention in the declaratory judgment action, the declaration that the policy did not provide liability coverage to an insured did not bind the injured party, and the injured party was entitled to litigate that question in the garnishment action.

Thus, if the insurer wishes to obtain a judgment that would bind the alleged tort victim, the insurer must make the victim a party to the action for declaratory judgment. See also *Central High School Athletic Ass'n v Grand Rapids,* 274 Mich 147, 153; 264 NW 322 (1936) ("We have grave doubts, that a declaratory judgment would be res judicata of anything with only the present parties before us. All interested parties should be before the court").

declare that coverage did not exist, as Allstate requested; it could declare that coverage did exist, as Keillor requested; or it could have declined to exercise its jurisdiction as a matter of discretion. It was not, however, bound to declare only Allstate's rights in the insurance contract.

1

The term "standing" is used in a variety of contexts to describe a variety of interests. We interpret Allstate's first argument to present the issue of "standing" as the nature of a party's interest in the lawsuit that will warrant judicial protection. " 'Standing is the legal term used to denote the existence of a party's interest in the outcome of the litigation; an interest that will assure sincere and vigorous advocacy.' " *Alexander v Norton Shores,* 106 Mich App 287, 288; 307 NW2d 476 (1981), quoting *Michigan License Beverage Ass'n v Behnan Hall, Inc,* 82 Mich App 319, 324; 266 NW2d 808 (1978). The interest in the litigation also assures the concrete adverseness required to sharpen the presentation for the court. *White Lake Improvement Ass'n v Whitehall,* 22 Mich App 262; 177 NW2d 473 (1970). " 'In other words, when standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable.' " *Id.* at 273, n 13, quoting *Flast v Cohen,* 392 US 83, 99-100; 88 S Ct 1942; 20 L Ed 2d 947 (1968). In the instant context, the injured defendant's position is in conflict with that of the plaintiff and will be foreclosed by a determination of rights contrary to his position. We think the interest is sufficiently concrete to assure effective advocacy.

As noted, this "interest in the subject matter" is subsumed within the declaratory judgment rule that expressly allows the declaration of rights of an "interested party."[13]

In the instant appeal, Allstate named the injured party as an interested party in order to obtain a binding declaration regarding coverage. "By initiating the declaratory judgment action and naming the injured persons as defendants, the insurance company should be deemed to have consented to a determination in that action of all matters that might be at issue between it and those persons arising from the controversy in question." 10A Wright, Miller & Kane, Federal Practice & Procedure, § 2768, pp 755-756. By naming Keillor as an interested party, Allstate has con-

---

[13] The parties have not cited authority that addresses how much interest a party must have in order to ask for a declaration of rights; however, *Security Ins Co v Daniels,* 70 Mich App 100; 245 NW2d 418 (1976), is instructive. *Daniels* recognized that an injured person's interest in the resolution of the policy coverage question stems from the availability of a postjudgment garnishment action against the insurer in which the coverage question would be litigated. While the insurer "could have accepted the protection of MCL 500.3030; MSA 24.13030 [which prohibits joinder of the insurance company in the underlying tort action], and postponed litigation of the coverage issue," *id.* at 105, the insurer itself had raised the coverage issue in its action for declaratory judgment, and had named the injured party as a defendant in that action.

Indeed, as a matter of policy, the federal courts will decline the request for a declaration of rights by the injured party when state law prevents an injured party from filing a direct action against the insurer. See, e.g., *Hunt v State Farm Mutual Automobile Ins Co,* 655 F Supp 284 (D Nev, 1987); *MacMillan-Bloedel, Inc v Firemen's Ins Co,* 558 F Supp 596 (SD Ala, 1983); *Hoosier Casualty Co v Fox,* 102 F Supp 214 (ND Iowa, 1952).

But the policy underlying this principle has no relevance where the injured party is made co-defendant with the insured in an action *instituted by the insurance company.* Since the insurance company has *initiated* the action, the indemnity nature of its relationship with the insured cannot be hidden from the trier of the facts, and it has itself seen fit to reveal the relationship. [6A Moore, Federal Practice (2d ed), ¶ 57.19, p 57-205.]

sented to a determination of the coverage question. Allstate cannot complain about that determination on the basis of a lack of standing.

2

Allstate's second claim is that Hayes' default extinguished any possible interest of Keillor in the coverage question. This contention appears to invoke the issue of "standing" as it is used to describe the actual controversy necessary to ask for a declaration of rights. The parties have not cited authority that addresses whether an injured party may seek a declaration of coverage once he has been named as a defendant in an action for declaratory judgment. Because both the federal declaratory judgment statute and the Michigan declaratory judgment court rule require an actual controversy, we look to federal interpretation of the federal statute as instructive. Federal courts faced with the question of an injured party's standing to seek a declaration that coverage under an insurance policy exists have analyzed standing in terms of the case or controversy requirement of the United States Constitution,[14] the federal declaratory judgment statute,[15] and the federal court rules.[16]

For instance, where the insured defaulted and the trial court entered an order of dismissal against the injured party in favor of the insurer,

---

[14] Art III, § 2.

[15] See 28 USC 2201, which provides in relevant part:

In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . .

[16] FR Civ P 57.

the injured party was entitled to defend against the declaratory action despite the insured's default. *Hawkeye-Security Ins Co v Schulte,* 302 F2d 174 (CA 7, 1962).[17]

The United States Supreme Court recognized in *Maryland Casualty Co v Pacific Coal & Oil Co,* 312 US 270; 61 S Ct 510; 85 L Ed 826 (1941), that a sufficient controversy existed between an insurer and an injured party to allow the injured party to be named as a defendant in the insurer's action for declaratory judgment. In part on the basis of *Maryland Casualty,* the court in *Schulte* noted that even a default by an insured will not prevent the injured party from presenting his defenses. While the allegations in the complaint against the defaulting party are to be taken as true, the insurer's argument that the default mandated entry of dismissal in its favor "assume[d] that [the insureds] were the only parties entitled to contest the allegations of the complaint. Since [the injured party is] a proper party, the default of [the insureds] may not preclude [the injured party's] right in this respect." 302 F2d 177. The court also noted that the insurer itself had named the injured party in the action, and as a proper party to the action, the insurer could not prevent the injured party from presenting "any proper defense raised by his answer to the complaint." *Id.*

Similarly, in *Federal Kemper Ins Co v Rauscher,* 807 F2d 345 (CA 3, 1986), the court granted the insurer's motion for summary disposition following

---

[17] In *Schulte,* the insurer had brought an action for declaratory judgment against its insured and those injured in an automobile accident. The insured defaulted. A default judgment was entered against the insured which relieved the insurer of any obligation to defend or indemnify its insured. The trial court then dismissed the action against the injured party, who it described as "the nominal party," *id.* at 175, because the injured party was not a party to the insurance contract. The injured party was thus prevented from litigating issues raised in the answer to the insurer's complaint.

the default of the insured, holding that the injured party's rights were purely derivative of the insured's. Once the insured defaulted, the injured party had no standing to contest the coverage issue. The court of appeals reversed. Characterizing the appeal as one centering on the existence of the case or controversy required of all exercises of judicial authority, the court noted that if the rights of the injured party are purely derivative of the insured's, then the judgment against the insured must result in a judgment against the injured party. If, however, the injured party has rights independent of the insured that are adverse to the insurer, then an actual controversy exists and, consequently, the injured party would have standing to continue to litigate the coverage question even after the insured's default. Noting that in *Maryland Casualty Co, supra,* an actual controversy was held to exist between the insurer and the injured party the court concluded:

> [I]t would be anomalous to hold that while an actual controversy existed between an insurance company and an injured party, an injured party could be denied the right to actually participate in the controversy. . . . "Appellee [the insurance company] voluntarily brought the appellant [the injured party] *into this litigation as a party defendant.*" As a proper party to the action [the injured party] "should be heard to assert any proper defense raised by his answer to the complaint." . . . In terms of fairness, the injured party should be able to present its case upon the ultimate issues, even if the insured does not choose to participate. [*Rauscher* at 352-353, 355, quoting *Schulte* at 177. Citations omitted.][18]

---

[18] The court also advanced a pragmatic reason for its holding. It recognized that " 'in many of the liability insurance cases, the most real dispute is between the injured third party and the insurance company, not between the injured and an oftentimes impecunious insured.' " *Id.* at 354, quoting 6A Moore, Federal Practice, ¶ 57.19.

Thus, even where the dispute between an insurer and an insured has become moot by virtue of the insured's default or refusal to contest the coverage provisions, the actual controversy between the insurer and the injured party remains viable. "Once jurisdiction is successfully invoked, subsequent events are of no importance and cannot divest the court of its jurisdiction." 20 Appleman, Insurance Law & Practice, § 11334, p 259. See also *St Paul Mercury Indemnity Co v Red Cab Co,* 303 US 283; 58 S Ct 586; 82 L Ed 845 (1938); *United States Fidelity & Guaranty Co v Millers Mutual Fire Ins Co,* 396 F2d 569 (CA 8, 1968).[19]

### B

Finally, we disagree with Allstate's contention that the default judgment against the insured destroys the injured party's interest in the subject matter of the litigation. Contrary to the decisions of the trial court and the Court of Appeals, the default judgment does not operate to bind the injured party. *Klimmer v Klimmer,* 66 Mich App 310; 238 NW2d 586 (1975); *Worth v Dortman,* 94 Mich App 103; 288 NW2d 603 (1979).[20]

The default judgment against Hayes was based on Hayes' affidavit stating that he did not intend

---

[19] But, c.f., *Larson v General Motors,* 134 F2d 450 (CA 2, 1943), cert den 319 US 762 (1943). In *Larson,* a patent holder sued General Motors for patent infringement. General Motors counterclaimed for a declaration that the patent was invalid. The patent holder eventually withdrew the infringement claim. Speaking for the court, Judge Learned Hand stated that while subsequent events would not destroy the court's jurisdiction, the court had abused its discretion in deciding the counterclaim after the patent holder had withdrawn his complaint.

[20] *Klimmer* held that a default operates only as an admission of liability against the party who defaulted. "[I]t does not bind a codefendant who appears and contests the litigation." *Id.* at 313. But see *Dobson v Maki,* 184 Mich App 244, 251; 457 NW2d 132 (1990). ("A trial court may properly refuse to enter a default judgment where the complexities of the issues require presentment of full proofs in order

to contest policy coverage. Hayes' default is an admission that he will not contest the allegation that the insurer is not contractually bound to indemnify him. It is not an admission that there is no coverage in respect to an interested party. A fortiori, all Hayes could concede were his rights vis-à-vis the plaintiff.

IV

Assuming the existence of a case or controversy within the subject matter of the court, the determination to make such a declaration is ordinarily a matter entrusted to the sound discretion of the court. *Revenue Comm'r v Grand Trunk W R Co,* 326 Mich 371; 40 NW2d 188 (1950). Moreover, in exercising its discretion, the court must keep in mind the purposes to be served by a declaration of rights. *Flint v Consumers Power Co,* 290 Mich 305; 287 NW 475 (1939). "At least one of the tests of right to resort to a declaratory proceeding is the 'necessity for present declaratory judgment as a guide to plaintiff's future conduct in order to preserve its legal rights.' " *Id.* at 310, quoting *Wolverine Mutual Motor Ins Co v Clark,* 277 Mich 633, 637; 270 NW 167 (1936). Moreover, the declaratory action is appropriate where it "will 'serve some practical end in quieting or stabilizing an uncertain or disputed jural relation . . . .' " 290 Mich 310, quoting *James v Alderton Dock Yards,* 256 NY 298, 305; 176 NE 401 (1931).

Our resolution of the instant action is consistent with these purposes. See also *Allstate Ins Co v Mercier,* 913 F2d 273, 277 (CA 6, 1990). The determination that insurance coverage does or does not

to do justice to the rights and liabilities of all of the parties, appearing or not.")

exist serves a purpose useful to the insurer, the insured, and the injured party. Moreover, in a given context, such a declaration coming before the trial of the underlying tort suit will end the controversy between insurer and insured and will "afford relief from the uncertainty `[and] insecurity" surrounding the coverage question.[21]

### CONCLUSION

In sum, we hold that once Allstate pleaded and proved that an actual controversy existed between itself and Keillor, the trial court possessed the power to make a declaration regarding the coverage provided by Allstate's policy. The court's authority to declare the rights of a named interested party was not eliminated by the entry of the default judgment against the insured. Thus, the Court of Appeals erred in upholding the trial court's decision that the default judgment entered against the insured, Hayes, bound codefendant Keillor.

Because the Court of Appeals did not reach the remaining issues in light of its decision regarding the default judgment against Keillor's codefendant, we remand this case to the Court of Appeals for further consideration.

CAVANAGH, C.J., and LEVIN, BRICKLEY, and MALLETT, JJ., concurred with BOYLE, J.

RILEY and GRIFFIN, JJ., concurred in the result only.

[21] The insurer is generally anxious to determine the coverage question because, if coverage does not exist, it need not defend or indemnify its insured in the underlying tort suit. Thus, a declaration that coverage does or does not exist is valuable to enable the insurer to determine the course of its actions.