AUTO-OWNERS INSURANCE COMPANY v KEIZER-MORRIS, INC

Docket No. 284753. Submitted May 5, 2009, at Lansing. Decided June 25, 2009, at 9:10 a.m.

Gary Hayward brought an action for breach of warranty and negligence against Keizer-Morris, Inc., after he was allegedly injured by equipment manufactured and sold by Keizer-Morris. Auto-Owners Insurance Company, Keizer-Morris's insurer, after declining to defend Keizer-Morris against Hayward's lawsuit, brought an action in the Oakland Circuit Court against Keizer-Morris, seeking a declaration that it had no duty to defend or indemnify Keizer-Morris. Hayward moved to intervene in the declaratory judgment action, but the court, Colleen A. O'Brien, J., denied the motion and a subsequent motion for reconsideration. Hayward appealed.

The Court of Appeals *held*:

MCR 2.209(A)(3) provides that a person may intervene by right when the person claims an interest relating to the property or transaction that is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the person's interest is adequately represented by existing parties. An injured person has a substantial interest in a declaratory judgment action pertaining to insurance coverage for the injury. Hayward's ability to recover damages from Keizer-Morris depends on Keizer-Morris's having insurance coverage for the injury-causing incident and Keizer-Morris, being a defunct business, did little to contest Auto-Owners' position and inadequately represented Hayward's interest.

Reversed and remanded for further proceedings.

INSURANCE — DECLARATORY JUDGMENTS — INTERVENING PARTIES — STANDING — INJURED PERSON'S RIGHT TO INTERVENE.

An injured person has standing to intervene in a declaratory judgment action concerning liability insurance coverage for the injury (MCR 2.209[A][3]).

*Kallas & Henk PC* (by *Constantine N. Kallas* and *Michele L. Riker-Semon*), for Auto-Owners Insurance Company.

*Hewson & Van Hellemont, P.C.* (by *Jerald Van Hellemont* and *Steven G. Silverman*), for Gary Hayward.

Before: JANSEN, P.J., and HOEKSTRA and MARKEY, JJ.

MARKEY, J. Appellant, Gary Hayward, appeals by right the circuit court's orders denying his motions to intervene and for reconsideration. We reverse and remand for further proceedings. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

Appellant was injured while performing construction activities, allegedly as the result of an equipment explosion. Defendant, Keizer-Morris, Inc., manufactured and sold the equipment to appellant's employer. Appellant filed suit against defendant, asserting breach of warranty and negligence. Defendant attempted to turn its defense over to its insurer, plaintiff, Auto-Owners Insurance Company, but plaintiff denied coverage, asserting that the policy excluded coverage for the incident in question. Plaintiff filed the instant action, seeking a declaration that it had no duty to defend or indemnify defendant. Appellant sought to intervene as a necessary party because defendant was a dissolved or otherwise defunct corporation and his rights would be affected if defendant lacked insurance coverage. The trial court denied the motion without explanation and denied reconsideration. Shortly thereafter, the court granted plaintiff's motion for summary disposition and entered a judgment submitted by plaintiff. Defendant had neither appeared nor opposed anything pertaining to the lawsuit.

The sole issue in this appeal is whether the trial court erred in denying appellant's motion to intervene. This Court reviews a trial court's decision on a motion to intervene for abuse of discretion. *Precision Pipe & Supply, Inc v Meram Constr, Inc*, 195 Mich App 153, 156; 489 NW2d 166 (1992). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Radeljak v DaimlerChrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006).

Appellant claims a right to intervene under MCR 2.209(A)(3). That rule states that a person may intervene by right

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"[T]he rule should be liberally construed to allow intervention when the applicant's interest otherwise may be inadequately represented." *Precision Pipe & Supply*, *supra* at 156.

Appellant first argues that the trial court's dearth of explanation for its decision suggests that the court may have failed to understand that it had discretion in the matter. See *Rieth v Keeler*, 230 Mich App 346, 348; 583 NW2d 552 (1998) (a trial court's failure to exercise its discretion, when properly asked to do so, is itself an abuse of discretion). We disagree. Appellant asked for a decision and twice received one. The question was briefed and argued orally. A trial judge is presumed to know the law. *In re Costs & Attorney Fees*, 250 Mich App 89, 101; 645 NW2d 697 (2002). Although some explana-

tion might have been useful, at least for review purposes, its lack does not itself constitute an abuse of discretion.

Appellant also argues that his ability to recover damages from defendant depends on defendant's having insurance coverage for the injury-causing incident and that defendant as a defunct business in fact did little to contest plaintiff's position and inadequately represented appellant's interests. We agree.

Plaintiff argues that appellant, being neither a party to nor a third-party beneficiary of the insurance policy between plaintiff and defendant, but instead being merely an incidental beneficiary under the insurance policy, had no right to participate in the litigation over whether coverage existed. "[O]nly intended, not incidental, third-party beneficiaries may sue for a breach of a contractual promise in their favor." *Schmalfeldt v North Pointe Ins Co*, 469 Mich 422, 427; 670 NW2d 651 (2003). An injured person not named in an insurance contract is not a third-party party beneficiary to the contract. He or she is merely an incidental beneficiary. *Id.* at 429.

However, *Schmalfeldt* involved a person injured by a patron in a bar. He first sought compensation from the bar owner, then from the owner's insurer directly for insurance benefits. *Id.* at 424. Further, the injured person apparently conceded that the owner was not liable. *Id.* at 424 n 1. The insurance company agreed to pay the injured party's dental expenses but only if the bar owner requested it; the bar owner refused to do so. Thereafter, the injured party sued the insurance company directly as a third-party beneficiary of the bar owner's policy. *Id.* at 424. Here, appellant has never made a claim under the policy between the parties and

acknowledges that his interest in plaintiff's coverage is wholly derivative of defendant's.

This case is more akin to *Allstate Ins Co v Hayes*, 442 Mich 56; 499 NW2d 743 (1993). That case involved the host of a party at which alcohol was served and the estate of a person killed in a drunken driving collision with one of the guests. When the personal representative of the decedent's estate filed suit against the host, the insurer of the host initially undertook the defense, but then sought a declaratory judgment that the pertinent policy did not cover the situation, naming as defendants both the host and the decedent's estate. Because the host failed to answer or otherwise participate as required, the insurer obtained a default judgment. *Id.* at 57-59. Our Supreme Court held that the default of one party does not deprive the trial court of its power to decide the rights and liabilities of the remaining parties; consequently, the decedent's estate remained entitled to litigate the question of the insurer's responsibility for the host's potential liability. *Id.* at 57, 73-75.

Plaintiff emphasizes that appellant is not a named party in this case, and that there was no formal default. But we do not deem appellant's right to participate in the case as dependent on either condition. Our Supreme Court stated that "the fact that the injured party is not a third-party beneficiary of the insurance contract is not determinative of his 'standing' to continue the action for a declaration of his rights as a conceded real party in interest." *Id.* at 63. Instead, "the injured party in an insurer's action for declaratory judgment is a proper party to that action." *Id.* at 67. The *Allstate* Court clearly recognized the injured person as having a substantial interest in the case. We do not read its pronouncement as a statement that an injured person's

rights depend on whether it was the insurer, as opposed to the injured person himself, who endeavored to get that person into the case. It is but a minor extension of *Allstate* to recognize the standing of an injured person to intervene in a declaratory action concerning insurance coverage for the alleged tortfeasor.

Plaintiff additionally argues that defendant adequately represented appellant's interests. We disagree. Plaintiff reminds this Court that dissolution of a corporation does not necessarily mean that that corporation is unable to protect itself and emphasizes that defendant was represented by counsel and offered some defense in the declaratory action, including filing an answer disputing the policy terms and responding to discovery. But defendant's willful decision not to oppose plaintiff's motion for summary disposition, or even to appear in the matter, bespeaks something less than zealous advocacy.[1] Appellant was entitled to apply his own vigorous advocacy on the question whether there was coverage under the policy. See *Allstate, supra* at 68 ("[T]he injured defendant's position is in conflict with that of the plaintiff and will be foreclosed by a determination of rights contrary to his position. We think the interest is sufficiently concrete to assure effective advocacy.").

Plaintiff additionally argues that regardless of appellant's participation below, there simply is no coverage under the policy, implying that any error in precluding appellant from participating in the case was thus harmless. Plaintiff then offers considerable discussion on the

---

[1] Plaintiff suggests that it so clearly had the advantage that defendant could not respond to its motion without inviting sanctions for frivolousness. However, lacking any statement on the record to that effect, imputing such principled inaction to the corporate defendant is speculative. This Court may not base its judgments on speculation. See, e.g., *Stockler v Dep't of Treasury*, 75 Mich App 640, 645; 255 NW2d 718 (1977).

particulars of the policy. Appellant, in turn, does not present a theory under which coverage might exist. Still, we conclude that it is preferable for appellant to have his opportunity to do so at the trial court level than for this Court to decide the question solely on the record and arguments from those who had been permitted to litigate.

For these reasons, we reverse the trial court's decision not to allow appellant to intervene and remand this case to the trial court for further proceedings consistent with this opinion.

We reverse and remand for further proceedings. We do not retain jurisdiction. As the prevailing party, appellant may tax costs.