# STATE OF MICHIGAN

# COURT OF APPEALS

YVONNE THOMAS,

Plaintiff-Appellee,

v

GEICO INDEMNITY COMPANY,

Defendant-Appellee,

and

AUTO-OWNERS INSURANCE COMPANY,

Appellant.

UNPUBLISHED
July 30, 2015

No. 320801
Oakland Circuit Court
LC No. 2012-130264-NF

AUTO-OWNERS INSURANCE COMPANY,

Plaintiff-Appellant,

v

YVONNE THOMAS,

Defendant-Appellee.

No. 322167
Oakland Circuit Court
LC No. 2014-139580-CK

Before: SAWYER, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

In LC No. 2012-130264-NF, Yvonne Thomas brought an action for breach of contract and declaratory relief against her no-fault insurer, Geico Indemnity Company (Geico). Pursuant to the parties' stipulation, the court dismissed the case without prejudice because the parties agreed to binding arbitration. The arbitrator awarded Thomas $72,500. Thomas then filed a motion in the trial court for entry of judgment and disbursement of the arbitration award. On February 26, 2014, the trial court entered a judgment awarding Thomas $72,500 to be distributed to Thomas, Thomas' counsel, and certain healthcare providers. The order also provided that Thomas' employer, Auto-Owners Insurance Company (Auto-Owners), a non-party to the action,

-1-

"is not entitled to any reimbursement . . . as to any of the arbitration proceeds . . . or any wage loss benefits paid to [Thomas] by [Auto-Owners]." In Docket No. 320801, Auto-Owners appeals the order of right.

After the trial court entered its order in the arbitration case, Auto-Owners filed a separate action against Thomas in LC No. 2014-139580-CK, seeking reimbursement of overpaid long-term disability benefits that it paid to Thomas as Thomas' employer. Auto-Owners asserted theories of recoupment, breach of contract, and unjust enrichment. The trial court granted Thomas' motion for summary disposition pursuant to MCR 2.116(C)(10) based on the doctrine of res judicata. The court concluded that the trial court's order in the arbitration case barred Auto-Owners' claims. In Docket No. 322167 Auto-Owners' appeals the order as of right.

For the reasons set forth in this opinion, in Docket No. 320801, we vacate the trial court's February 27, 2014 order in its entirety and remand for dismissal of the action, and in Docket No. 322167, we reverse the trial court's award of summary disposition in favor of Thomas and remand for further proceedings.

## I. DOCKET NO. 320801

Thomas alleged in her complaint against Geico that she sustained injuries in two separate automobile accidents. Thomas sought various medical and other personal injury protection (PIP) no-fault benefits, including "all loss of wages less (15%) percent." On October 25, 2013, the trial court entered a stipulated order for dismissal without prejudice after Thomas and Geico agreed to submit the dispute to binding arbitration. The order specified that it resolved the last pending claim and closed the case.

The arbitrator awarded Thomas $72,500 in PIP benefits, which included $30,000 for lost wages and $15,000 for various medical expenses. In February 2014, Thomas filed a motion for entry of judgment in the amount of $72,500, and to have most of the arbitration proceeds disbursed to pay alleged "liens" from various healthcare providers and to pay her counsel. Thomas moved to have the remainder of the arbitration proceeds paid to her directly. Thomas also requested that the court declare that Auto-Owners did not have a right of reimbursement with respect to the arbitration proceeds if it failed to object.

Auto-Owners objected, arguing that its LTD policy entitled it to seek reimbursement of LTD benefits previously paid to Thomas in light of the arbitrator's award of wage-loss benefits to Thomas. Auto-Owners appeared at the hearing on Thomas' motion. Thomas' counsel conceded that Auto-Owners paid monthly LTD benefits to Thomas, but requested that Auto-Owners clarify the amount it was seeking and the basis for the amount. After counsel for Auto-Owners indicated that she did not know the total amount that the company was seeking for reimbursement, the trial court ruled that Auto-Owners was not entitled to reimbursement. On February 27, 2014, the trial court entered a written order reflecting its ruling.

On appeal, Auto-Owners challenges the trial court's order on several grounds. The trial court's order amounted to a declaratory judgment with respect to Auto-Owners. "Questions of law relative to declaratory judgment actions are reviewed de novo, but the trial court's decision

-2-

to grant or deny declaratory relief is reviewed for an abuse of discretion." *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 376; 836 NW2d 257 (2013).

The trial court did not have jurisdiction to enter an order adjudicating Auto-Owners' right to reimbursement. The October 25, 2013 stipulated order dismissing the arbitration case without prejudice was the final order in the proceeding because it disposed of all claims, adjudicated the rights and liabilities of the parties to the proceeding—i.e. Thomas and Geico, and closed the case. The order was final because the trial court did not retain jurisdiction to do anything further. *Rooyakker & Sitz, PLLC, v Plante & Moran, PLLC*, 276 Mich App 146, 148-152; 742 NW2d 409 (2007).

Because the trial court did not retain jurisdiction to do anything further, the trial court did not have jurisdiction to allocate the award to other persons or entities, or to rule on whether Auto-Owners was entitled to reimbursement. To the extent that Thomas sought a declaratory judgment, she was required to file a complaint seeking such relief because there was no action pending between the parties at that time. See MCR 3.602(B)(1). Moreover, where a party seeks a declaratory judgment, it is essential that "all parties having an apparent or possible interest in the subject matter be joined so that they may be guided and bound by the judgment." *Allstate Ins Co v Hayes*, 442 Mich 56, 65-66; 499 NW2d 743 (1993) (quotation marks and citation omitted). Here, to the extent that Thomas sought a declaratory judgment against Auto-Owners, she should have filed a complaint naming Auto-Owners as a party to the action.

In short, in Docket No. 320801, the trial court did not have jurisdiction to enter the February 27, 2014 order; therefore, we vacate the order in its entirety and remand for dismissal of the proceeding.

## II. DOCKET NO. 322167

Docket No. 322167 involves Auto-Owners' suit against Thomas to recover approximately $30,000 from Thomas based on theories of recoupment, breach of contract, and unjust enrichment. The factual basis for each theory is tied to the $30,000 arbitration award for no-fault wage loss benefits discussed in Docket No. 320801. Auto-Owners alleged that the long term disability plan applicable to Thomas, as the company's employee, entitles it to recover any overpayments made based on Thomas' receipt of deductible sources of income. The trial court granted Thomas' motion for summary disposition on grounds that Auto-Owners' claims were barred by the doctrine of res judicata.

A trial court's decision on a summary disposition motion is reviewed de novo. *Al-Maliki v LaGrant*, 286 Mich App 483, 484; 781 NW2d 853 (2009). We also review de novo the trial court's application of the doctrine of res judicata. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). Summary disposition is proper under MCR 2.116(C)(7) where a party's

-3-

claim is barred by a prior judgment.[1]  If there is no factual dispute, whether a plaintiff's claim is barred under the doctrine of res judicata is a question of law.  *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008).

The doctrine of res judicata precludes a party from commencing a subsequent action when: "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Estes*, 481 Mich at 585 (quotation marks and citations omitted).  In this case, as discussed above, the trial court did not have jurisdiction to enter the February 27, 2014 order in Docket No. 320801.  Therefore, none of the elements of res judicata apply to the subsequent proceeding.  Accordingly, Auto-Owners' claims in the subsequent action were not barred by the doctrine of res judicata and reversal of the trial court's order granting summary disposition on that basis is appropriate.

In sum, in Docket No. 320801 we vacate the trial court's February 27, 2014, order in its entirety and remand for dismissal of the proceeding.  In Docket No. 322167 we reverse the trial court's May 28, 2014 order granting summary disposition and remand for further proceedings.

Vacated and remanded in Docket No. 320801; reversed and remanded in Docket No. 322167.  No costs awarded.  MCR 7.219(A).  We do not retain jurisdiction.


/s/ David H. Sawyer
/s/ Pat M. Donofrio
/s/ Stephen L. Borrello

---

[1] Although the trial court reviewed and granted Thomas' motion under MCR 2.116(C)(10), we will review a court's order of summary disposition under the correct rule.  *Spiek v Dep't of Transp*, 456 Mich 331, 338 n 9; 572 NW2d 201 (1998).