HOEHNER v. WESTERN CASUALTY & SURETY COMPANY.

1. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT.

An important function of an affidavit submitted in opposition to a motion for summary judgment is that it sufficiently informs the court of the grounds upon which relief from the motion is desired (GCR 1963, 116.4, 117.3).

2. SAME—SUMMARY JUDGMENT—AFFIDAVITS.

An affidavit opposing a motion for summary judgment must set forth with particularity such facts as would be admissible as evidence to deny the grounds stated in the motion (GCR 1963, 116.4, 117.3).

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 41 Am Jur, Pleading §§ 340–342.
[4] 49 Am Jur, Statute of Frauds §§ 588, 589.
[5] 49 Am Jur, Statute of Frauds § 598.
[6] 29 Am Jur, Insurance § 252.
[7] 29 Am Jur, Insurance §§ 245, 246, 252.

3. Same—Summary Judgment—Issue of Fact—Sufficiency· of Affidavit.

Affidavit for defendant in opposition to motion for summary judgment which in essence states the opinion and conclusion of the affiant that an issue of fact exists without presenting the facts to enable the court to find that a genuine issue of fact does exist *held,* insufficient to defeat a motion for summary judgment (GCR 1963, 116.4, 117.3).

4. Contracts—Statute of Frauds—Defense.

Unenforceability of a contract under the statute of frauds· can be asserted only by parties to the contract and those in privity with them.

5. Same—Accident Insurance—Statute of Frauds—Future Dental Services.

Defense that contract by which dentist agreed to perform services on plaintiff's son in the future in exchange for present payment of money by plaintiff which services were made necessary by accidental injury of plaintiff's son occurring on property of insured, is unenforceable because of statute of frauds *held,* not available to defendant insurer in action by plaintiff to recover costs of dental treatment under policy provision for payment of expenses incurred within 1 year from date of accident.

6. Insurance—Construction of Policy—Incurred.

*Incurred,* as used in accident insurance policy, means to become liable for or subject to, to render liable or subject to.

7. Same—Construction of Language—Liability of Policy.

An insurance company becomes liable to pay, under a policy which allows recovery for "expenses incurred" within a year after accidental injury when injured party has contracted to pay a sum certain, not to exceed the amount limited by the policy, for the necessary and required medical or dental services within the year following the accident although the services might be postponed beyond the year in the wisdom of the treating physician or dentist.

Appeal from Oakland; Beer (William J.), J. Submitted Division 2 June 8, 1967, at Detroit. (Docket No. 2,829.) Decided December 4, 1967. Leave to appeal denied February 14, 1968. See 380 Mich 758.

Complaint by Carl F. Hoehner against Western Casualty & Surety Company, a foreign corporation, for money due under medical payment provision of insurance policy. Judgment for plaintiff in municipal court. Defendant appealed to circuit court. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Fischer, Sprague, Franklin & Ford* (*George Hogg, Jr.,* of counsel), for plaintiff.

*Alexander, Buchanan & Conklin* (*Ronald E. Westen,* of counsel), for defendant.

Fitzgerald, P. J. Defendant insurance company appeals to this Court from a summary judgment entered in plaintiff's favor in the circuit court of Oakland county pursuant to GCR 1963, 117.2(3), such judgment being granted in the amount of $285 on the ground that there was no genuine issue as to any fact in the case material to the decision.

While visiting on the premises of appellant's insured on May 31, 1964, plaintiff's minor son fell and injured his mouth. The boy was immediately taken to the offices of Bernard J. Masson, D.D.S., where temporary treatments were performed by Dr. Masson on the central upper teeth which were damaged in the fall. Due to the age of the boy, Dr. Masson advised plaintiff that further remedial dental work should be postponed until the boy reached more mature physical growth.

Defendant insurer had issued a policy of insurance containing a medical payment provision to the insured which was in effect at the time of the accident. The portion of the policy relevant to the issue on appeal reads as follows:

"Coverage G—Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident,

"(a) while on the premises with the permission of an insured."

Pursuant to his interpretation of this language, plaintiff made claim for additional expenses which would be necessary to repair the teeth of his son when Dr. Masson deemed the boy ready for such services. Defendant rejected this claim, based on the language of the policy, stating that the future expenses were not incurred within one year as required by coverage G. On the advice of counsel, on April 5, 1965, plaintiff paid Dr. Masson the full amount necessary to reconstruct the boy's teeth in the amount of $285, receiving a receipt therefor, with the understanding that the services would be performed when Dr. Masson believed it proper. Plaintiff then began suit in the Farmington municipal court to recover the $285 and was granted relief. Defendant appealed to the Oakland county circuit court for a trial *de novo*. Plaintiff entered a motion for summary judgment which was granted.

On this appeal, defendant questions the action of the circuit court in granting the summary judgment and raises the following issues for our consideration:

(1) Did a genuine issue of fact exist as to the existence and terms of the alleged contract between appellee and Dr. Masson?

(2) Did a legal contract exist between appellee and Dr. Masson in light of the provisions of the statute of frauds?

(3) Did the terms of the medical payment provision of the insurance policy obligate appellant to pay for all the dental services whenever performed?

(4) Should the trial court have granted appellee's request for a summary judgment in his favor?

Defendant insurer would first have us find that a genuine issue of fact is to be decided regarding the existence of a contract between the appellee and Dr. Masson. His argument suggests that there was insufficient evidence presented by the plaintiff in the municipal court, when considering the requirements of the statute of frauds, to allow the Oakland county circuit court to state absolutely that the services to be rendered *were* validly contracted for by the parties to the agreement.

In opposition to plaintiff's motion for summary judgment in the circuit court, defendant filed an affidavit stating only that an issue of fact existed because Dr. Masson gave different interpretations of his own liability, stating that he was "morally obligated" at the trial, and "legally obligated" in his affidavit to the Oakland circuit court. One important function of an affidavit submitted in opposition to a motion for summary judgment is that it sufficiently informs the court of the grounds upon which relief from the motion is desired. GCR 1963, 116.4, requires that the form of affidavits shall set forth with particularity such facts as would be admissible as evidence to establish or deny the grounds stated in the pleading or motion, and GCR 1963, 116.4, is applied to affidavits in opposition to summary judgment (GCR 1963, 117.3). Affidavits are used here as a device to find out whether or not there exists any dispute as to fact. 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), committee note at p 353. The particularity

required by GCR 1963, 116.4, is that which gives real evidentiary support for a position taken in the pleadings.

From the above statement in his affidavit, defendant would have us conclude that the action of the circuit court, in ignoring this argument in its finding, was in error. This we do not feel is a justifiable conclusion. If an affidavit is required by the general court rules to be made with particularity, then the proponent of that affidavit must attempt to present enough substance in the form of facts to enable the court to find that a genuine issue does exist. By simply stating his own opinion and conclusion that an issue of fact does exist, without sufficient particularity, a party does not give the court any reason to believe that any further evidence would be forthcoming if a trial on the facts were to be held. The Oakland court was in possession of the proceedings of the trial court, the affidavits of both parties to the lawsuit, the affidavits of both parties to the agreement, and the pleadings on appeal, and he properly made his decision forthwith. See *Dionne* v. *Pierson Contracting Co.* (1965), 2 Mich App 134, interpreting *Durant* v. *Stahlin (Appeal in re Van Dusen, Elliott, Romney)* (1965), 375 Mich 628.

The appeal to the Oakland county circuit court was of necessity in the form of a trial *de novo,* and appellee was properly permitted retrial of the issues of the entire case upon any evidence which he wished to introduce in support of his allegations. GCR 1963, 701.1 and 701.10. We find that the Oakland county circuit court properly acted within its discretion, upon reviewing the evidence before it, in not elaborating on the issue of the existence of a contract between Dr. Masson and appellee.

Defendant would have us find that the existence of the contract is in dispute and that the circuit

court, as a trier of fact, must deny the motion for summary judgment and try the fact of the existence of the contract, despite the finding of the Farmington municipal court that there was a contract between plaintiff and Dr. Masson.

Defendant's counsel was given full opportunity to question the finding of the municipal court in his circuit court appeal, but we are unable to discover that he offered sufficient evidence to the circuit court which would warrant a trial on the issue of the existence of a contract in that court. Instead, defendant's counsel, at pages 4 and 5 of his brief to this Court, presents us with all of the material which should have been included in his affidavit and pleadings to the Oakland county circuit court. It is too late for him now to be particular in his allegations. From the evidence presented to the circuit court on appeal from the Farmington municipal court, we find that the granting of the motion for summary judgment was not in error.

Second, the arguments of defendant that the statute of frauds might invalidate what they say is an oral contract between plaintiff and Dr. Masson will not be discussed here except to note that the defendant has not shown, as a third party to the agreement, that it may be permitted to raise the issue of the statute of frauds. We quote from 3 Williston on Contracts, Statute of Frauds, § 530:

"The defense of the statute [of frauds] is a personal one available only to a party to the contract to which the statute is alleged to apply and his representatives and privies."

To apply this law to the present case, the question of whether appellee has an interest cannot be debated by an insurance company with the argument that a valid contract did not exist between the par-

ties to an agreement when the insurance company
is not one of the parties nor in privity to the parties,
especially where both parties to the agreement
admit that they agree and that they are willing
to perform.   See 2 Corbin on Contracts, § 289; 37
CJS, Frauds, Statute of, § 220; 49 Am Jur, Statute
of Frauds, § 589.   *Cherokee Foundries, Inc.,* v. *Imperial Assurance Company* (1949), 188 Tenn 349
(219 SW2d 203, 9 ALR2d 177).   Defendant, a
stranger to the agreement between plaintiff and
Dr. Masson, will not be heard urging the application of the statute of frauds to that agreement.

The third error alleged by defendant has repeatedly been at the foundation of the entire case.
That allegation states that the terms of the medical payment provision of the policy do not obligate defendant insurer to pay for the dental
services not yet performed on plaintiff's son.   The
entire opinion of the circuit court was concerned
with an interpretation of the policy language "expenses incurred within one year from the date of
the accident" and summary judgment was based
on the determination that one has "incurred"
expenses when he has run into an obligation to
pay money.   Defendant states that the policy is
only intended to pay expenses which are actually
paid for services performed within the one year
period.

It is correctly stated in the briefs that the court
cannot reform a policy of insurance nor rewrite it,
but both parties recognize that the court must give
the words their plain and ordinary meaning just
as a holder of such a policy would be required to
do.   However, no Michigan case has been decided
which would aid us in this particular semantic
problem.   Appellant cites us to the case of *Van
Zanten* v. *National Casualty Co.* (1952), 333 Mich
28, wherein an employee was denied recovery of

insurance benefits beyond the termination date of
the policy, and defendant attempts to correlate the
reasoning of the Court in that decision with the
problem of interpretation of the language of this
policy concerning "expenses incurred". The fact
that no policy is terminated here, with insured's
protection remaining in force as to future liabilities,
calls for us to distinguish the *Van Zanten Case*
from the present problem. In his brief, counsel
for defendant relies completely upon the annotation found at 75 ALR2d 876, particularly the third
section, and the reasoning of the editor reported
therein. However, defendant has apparently chosen to omit discussion of both the headnotes of
the *Van Zanten Case* and several of the comments
in the ALR annotation wherein the fact that the
employee in the *Van Zanten Case* was insured under a group policy issued to his entire union local
led that Court to terminate the liability of the insurance company in accord with the clear intent not
to provide benefits to any employee once the employee was no longer employed. Similarly, defendant cites the case of *Pilot Life Ins. Co.* v. *Stephens*
(1958), 97 Ga App 529 (103 SE2d 651). That
court did not allow medical benefits following termination of the policy because of the clear language
of the policy that limits the insurer's liability for
*treatment or services* to a 12-month period (emphasis added). Such language is not present in
this policy. Defendant offers no other authorities
in support of its contentions.

Plaintiff places no reliance upon Michigan authority in support of his contentions, but would
have us consider the findings of the Texas court
of civil appeals in the case of *Maryland Casualty
Co.* v. *Thomas* (1956), 289 SW2d 652, as being
directly on point with the present case. The facts
in that case may be compared with the present case

by noting that the policies in both cases were in force at the time of the accident; that the accident consisted of a boy suffering dental damage in a fall; that the dental surgeon deemed it best to postpone treatment pending the boy's physical maturity; that the language of the insurance policies is identical and that the Texas court was faced with the similar problem of defining "expenses incurred". A discussion of the case is also found at 75 ALR 878, wherein the editor notes that the Texas court said that a debt has been "incurred" when liability attaches so that the insurance company became liable for all reasonable expenses caused by the accident on the day it occurred.

The court in the *Thomas Case* and the Oakland county circuit court, in this case, arrived at agreement as to the definition of "expenses incurred" although they have cited different authority for their conclusions. The Oakland court said that one "incurred" expenses when he ran into an obligation to pay money; as derived from the Latin verb *incurrere,* meaning to hasten, to run, to hurry. The Texas court quotes the definition of "incur" as found in 20A Words and Phrases (Perm Ed), p 452:

"'Incurred' means to become liable for, or subject to, to render liable or subject to. * * * In actions for injuries, recovery may be had for amounts shown to have been expended or incurred for hospital bills or medical treatment provided such damages are properly pleaded; 'incurred' meaning to become liable for."

We approve of the specific definition offered by the Texas court. It is apparent by the terms of the policy that if the dental work could be done in one year, recovery could be had. The fact that it must be postponed in the wisdom of a qualified

dental surgeon does not obviate the fact that the injury, and the entire damage, has occurred while the policy was in force.

There is no mention in the policy of "treatment or services" as there is in the *Pilot* decision, *supra*, cited by defendant. Since this provision is quite commonly included in insurance policies where the insurance company intends to require that services actually be performed in the year following injury, we are not willing to say that the language before us in the present case will require this when a different phrase which is a clear and proper expression of the intent of an insurance company is in usage in that industry.

If insurance companies wish to include a requirement that treatment or services be performed in the year of injury, then they cannot be heard to say that other language says the same thing, when in fact it is quite clear that the phrase "expenses incurred" means that the insurance company is obligated when its insured becomes obligated, i.e., at the date of the contracting for the payment of services to remedy all injuries caused by that accident. We hold that an insurance company becomes liable to pay for injuries suffered, under a policy which allows recovery for "expenses incurred" within a year, when the injured party has contracted to pay a sum certain, not to exceed the amount limited by the policy, for the necessary and required medical services within the year following the accident, although the services might be postponed beyond the year in the wisdom of the treating physician or dentist.

Affirmed. Costs to appellee.

T. G. KAVANAGH and LEVIN, JJ., concurred.