ALLSTATE INSURANCE COMPANY v KEILLOR

Docket No. 116006. Submitted March 19, 1991, at Lansing. Decided
    August 5, 1991, at 9:20 A.M. Leave to appeal sought.

Allstate Insurance Company brought an action in the Genesee
    Circuit Court against Daniel Hayes, its insured, William Keil-
    lor, as personal representative of the estate of Susan Keillor,
    deceased, and others, seeking a declaration regarding its duty
    to defend or provide coverage to Hayes, who had furnished
    alcohol to the minor who caused the automobile accident that
    resulted in the decedent's death. After the court, Judith A.
    Fullerton, J., entered a default judgment against Hayes, it
    granted summary disposition for Allstate against Keillor, rul-
    ing that Keillor lacked standing to litigate the extent of Hayes'
    coverage. Keillor appealed, claiming that because he was seek-
    ing proceeds from the insurance policy as damages in a tort
    action for the decedent's death he had standing as a third-party
    beneficiary of the insurance contract.

The Court of Appeals held:

1. A third party may not assert rights under a contract
between two other parties unless the promisor has undertaken
to do something to or for the benefit of the third party. In this
case, the insurance contract expressly provided a promise by
the insurer to indemnify its insured for any damages the
insured became legally obligated to pay because of bodily injury
or property damage caused by the insured. Because the contrac-
tual promise was for the benefit of the insured, and not for a
party injured by the insured, Keillor cannot claim that he was
an intended third-party beneficiary of the insurance contract.

2. Allstate did not waive its right to challenge Keillor's
standing to litigate the issue of coverage when it made Keillor
a defendant in this action. In an action for declaratory judg-
ment, it is essential that all parties having an apparent or

REFERENCES

Am Jur 2d, Automobile Insurance §§ 389, 390; Declaratory Judg-
    ments § 137.
See the Index to Annotations under Automobile Insurance; Third-
    Party Beneficiaries.

possible interest in the subject matter be joined so that they may be guided and bound by the judgment.

Affirmed.

CONTRACTS — THIRD-PARTY BENEFICIARIES — INSURANCE.

A person injured by another is not an intended third-party beneficiary of a contract between the person who caused the injury and that person's liability insurer where the insurer has contractually promised only to indemnify the insured for any damages the insured becomes legally obligated to pay because of bodily injury or property damage caused by the insured.

*Chasnis, Dogger & Grierson, P.C.* (by *John A. Chasnis*), for the plaintiff.

*Kalo, Zilinski & Swann, P.C.* (by *Philip D. Swann*), for the defendant.

Before: HOOD, P.J., and JANSEN and G. S. ALLEN,* JJ.

JANSEN, J. The present action stems from an automobile accident in which defendant William Keillor's wife was killed. The accident allegedly was caused by Scott Koppelberger, a minor, who had been furnished alcoholic beverages by Daniel Hayes, plaintiff's insured. Plaintiff brought a declaratory action against defendant and Hayes, among others, to determine whether plaintiff owed a duty to defend or provide coverage to Hayes. All of the original defendants in the declaratory action, including Hayes but not defendant Keillor, either entered into a consent judgment or defaulted. Following a hearing on February 14, 1989, the trial court granted plaintiff's motion for summary disposition. Defendant appeals as of right, alleging: (1) the trial court erred in holding that he did not have standing to litigate Hayes' coverage, (2) the default judgment against Hayes does

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

not bind him, (3) plaintiff is estopped from asserting the automobile exclusion, and (4) the criminal-acts exclusion and the motor-vehicle exclusion should not be interpreted to deny coverage. We hold that defendant does not have standing to litigate the extent of Hayes' insurance coverage, and we affirm the trial court's grant of summary disposition.

On appeal, defendant claims that he has standing as a third-party beneficiary to litigate the extent of Hayes' coverage because he has an interest in the action since he seeks the insurance proceeds in a tort action. We hold that, under Michigan law, defendant does not have standing as a third-party beneficiary of the contract of insurance. Michigan's third-party beneficiary statute, MCL 600.1405; MSA 27A.1405, states:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
>
> (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person.

In order for defendant to assert rights under Hayes' insurance policy, defendant must be an intended third-party beneficiary of the contract. To create an intended-beneficiary relationship, the promisor must have undertaken to do something to or for the benefit of the party asserting status as an intended beneficiary. *Rieth-Riley Construction Co, Inc v Dep't of Transportation,* 136 Mich App 425, 429-430; 357 NW2d 62 (1984). In interpreting the contract, we use an objective standard

to discern the parties' intentions from the contract itself. *Id.* Where the contract is primarily for the benefit of the parties thereto, the mere fact that a third person would be incidentally benefited does not give that third person the right to recover for its breach. *Id.* at 430-431.

In *Itrich v Huron Cement Division of National Gypsum Co*, 670 F Supp 199 (ED Mich, 1987), the court addressed the Michigan third-party beneficiary statute in the context of an insurance contract. The *Itrich* court held that an injured party could not join the defendant's insurer as a defendant under a third-party beneficiary theory because the insurance policy did not create a direct benefit to the injured party.

In the present case, we hold that plaintiff's policy did not establish a promise or duty to benefit the defendant as an injured third-party. Plaintiff's policy created a contractual promise to indemnify the insured, not directly benefit the injured party. This intent is manifested by the policy language, which provided:

> We will pay all sums arising from the same loss which an insured person become [sic] legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy.

Thus, defendant was not a third-party beneficiary. Once the insured conceded that there was no coverage and had a default entered against him, defendant could not continue to pursue the action to enforce the insurance contract.

We are unpersuaded by defendant's allegation that plaintiff, by bringing a declaratory action against defendant, as well as against its insured, Hayes, has waived its right to object to defendant's

standing to raise the issue of coverage. It is essential in an action for declaratory judgment that all parties having an apparent or possible interest in the subject matter be joined so that they may be guided and bound by the judgment. *Drainage Bd v Village of Homer,* 351 Mich 73, 85; 87 NW2d 72 (1957). Defendant's joinder simply recognizes the fact that defendant had a possible interest in the subject matter. Plaintiff's act of joining defendant in the declaratory action did not constitute a waiver of plaintiff's right to object to defendant's standing.

Having concluded that defendant does not have standing in the present action, the remaining issues are moot and we need not address them.

Affirmed.