SCHAFER OIL CO., and Schafer, Inc., Plaintiffs,

v.

UNIVERSAL UNDERWRITERS INSURANCE CO. and Federated Mutual Insurance Co., Defendants.

No. 92–CV–10466–BC.

United States District Court, E.D. Michigan, N.D.

April 29, 1993.

William Tishkoff, John A. Decker and Brian S. Makaric, Saginaw, MI, for plaintiffs.

Leonard B. Schwartz, Southfield, MI, for Universal Underwriters Ins.

Thomas D. Allen, Farmington Hills, MI, for Federated Mut. Ins.

## MEMORANDUM OPINION AND ORDER

CLELAND, District Judge.

### I. INTRODUCTION

This case is before the Court on Defendant Federated Mutual Insurance Company's ("Federated") Motion for Summary Judgment. The motion was filed after ample time was allowed for discovery, and Plaintiffs have answered. For the reasons stated herein, the Court finds that Plaintiff Schafer Oil lacks standing to bring the instant claim against Federated. Accordingly, Federated's Motion for Summary Judgment will be GRANTED and the claims asserted against it by Schafer Oil DISMISSED.

### II. BACKGROUND

Plaintiff Schafer Oil Company brought suit against Federated Insurance Company and Universal Underwriters Insurance Company for insurance coverage for environmental contamination claims allegedly asserted against it by a third party on land that it owns. The named insureds on the contract relied upon by Schafer Oil in its claim against Federated are Schafer Chevrolet–Pontiac, Inc. and Schafer Chevrolet–Pontiac, Inc., Leasing Division (hereinafter referred to collectively as "Schafer Chevrolet"). The insurance contract covers property which is allegedly owned by Schafer Oil, however, Schafer Oil is not a named insured to the contract nor is it covered in an endorsement thereto. Federated filed the instant Motion for Summary Judgment arguing that, because Schafer Oil is not a party to the contract between itself and Schafer Chevrolet, it lacks standing to sue under the contract. Schafer Oil does not contend that it was a party to the aforementioned contract, but nevertheless argues that it has standing to sue Federated as a "third-party beneficiary" to the contract.

### III. STANDARD OF REVIEW

The applicable standard for motions of summary judgment is clear. Under Federal Rule of Civil Procedure 56, to grant a motion for summary judgment, the court must find that the pleadings, together with the depositions, interrogatories and affidavits on file, establish that there is no *genuine* issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56 (emphasis added). A party seeking summary judgment bears the initial burden of specifying the basis upon which it contends judgment should be granted and of identifying that portion of the record which, in its opinion, demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The non-moving party must thereafter designate specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,*

477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

Although plaintiff is entitled to a review of the evidence in the light most favorable to its position, it is required to do more than simply show that there is some "metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The Rule requires the non-moving party to come forward, and to do so with "specific facts showing that there is a *genuine* issue for trial." Fed. R.Civ.P. 56(e) (emphasis added); *see also Guarino v. Brookfield Township. Trustees,* 980 F.2d 399, 403 (6th Cir.1992).

## IV. DISCUSSION

### A. THIRD–PARTY BENEFICIARY STATUS

■ The issue before the Court is straightforward: is Schafer Oil a third-party beneficiary to the insurance contract between Schafer Chevrolet and Federated? If it is, then conferred upon it is the standing to sue under the contract since a suit in federal court can be prosecuted only by a "real party in interest" under Fed.R.Civ.P. 17(a). It is undisputed that Schafer Oil is not a party to the contract between Schafer Chevrolet and Federated. Thus, in order for Schafer Oil to assert rights under the contract, it must be an intended third-party beneficiary of the contract. *Allstate Ins. Co. v. Keillor,* 190 Mich.App. 499, 501, 476 N.W.2d 453 (1991), *rev'd on other grounds,* 442 Mich. 56, 499 N.W.2d 743 (1993).

Because this case is based on diversity jurisdiction, Michigan law applies. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In Michigan, third-party beneficiary status is defined by statute:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
>
> (1) a promise shall be construed to have been made for the benefit of a person

whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person

Mich.Comp.Laws Ann. § 600.1405 (1981) (emphasis added).

Thus, to create a third-party beneficiary relationship, the promisor, Federated, must have undertaken to do something to or for the benefit of the person, Schafer Oil, asserting status as an intended beneficiary. *Id.* (quoting *Rieth–Riley Construction Co., Inc. v. Dep't of Transportation,* 136 Mich.App. 425, 429–30, 357 N.W.2d 62 (1984)). As Schafer Oil correctly points out, it is well settled that an objective standard is to be used which discerns the parties' intentions *from the contract itself. See Bowen v. Nelson Credit Centers, Inc.,* 137 Mich.App. 76, 83, 357 N.W.2d 811 (1984) (quoting *Local 80 Sheet Metal Workers International Ass'n, AFL–CIO v. Tishman Construction Co.,* 103 Mich.App. 784, 788, 303 N.W.2d 893 (1981)). The motives and subjective intentions of the parties are irrelevant in determining whether a plaintiff asserting contractual rights is a "third-party beneficiary." *Guardian Depositors Corp. v. Brown,* 290 Mich. 433, 287 N.W. 798 (1939). Furthermore, the mere fact that a party may happen to benefit in some way from a contract to which he is not a party does not suffice to confer upon him the status of a third-party beneficiary:

> The principle that one not a party or privy to a contract but who is the beneficiary thereof is entitled to maintain an action for its breach is not so far extended as to give a third person who is only indirectly and incidentally benefitted by the contract the right to sue upon it. An incidental beneficiary has no rights under the contract. A third person cannot maintain an action upon a simple contract merely because he would receive a benefit from its performance or because he is injured by the breach thereof. . . .

*Greenlees v. Owen Ames Kimball Co.* 340 Mich. 670, 676, 66 N.W.2d 227 (1954) (quoting 12 Am.Jur., Contracts, § 282, p. 834).

Where the language of an agreement is unambiguous, the meaning of the language is

a question of law and the intent of the parties must be discerned from the words used in the instrument. *Taggart v. U.S.*, 880 F.2d 867, 870 (6th Cir.1989) (citations omitted). In the instant case, no ambiguity within the contract exists, therefore the question must be determined by the Court. "[U]tilizing an objective test in looking to the contract here involved, the question is did [Federated] make a promise to do something directly to or for [Schafer Oil]." *Rieth–Riley Construction Co., Inc. v. Dep't of Transportation*, 136 Mich.App. 425, 432, 357 N.W.2d 62 (1984).

In *Allstate Ins. Co. v. Keillor*, 190 Mich. App. 499, 501, 476 N.W.2d 453 (1991) *rev'd on other grounds*, 442 Mich. 56, 499 N.W.2d 743 (1993), the Michigan Court of Appeals considered the issue of third-party beneficiary status within the context of insurance. In that case Allstate brought a declaratory action against Keillor, the husband of a woman who was killed on the highway by an intoxicated minor, and against its insured, Hayes, who had allegedly furnished alcohol to the minor. After the trial court entered default judgment against Hayes, it granted summary disposition for Allstate against Keillor. The trial court ruled that Keillor lacked standing to litigate the extent of Hayes' coverage. In upholding the lower court's decision, the Court of Appeals held that:

> ... [The insurance company's] policy did not establish a promise or duty to benefit [Keillor] as an injured third-party.... [The] policy created a contractual promise to indemnify the insured, not directly benefit the injured party....

Thus, [Keillor] was not a third-party beneficiary *Allstate Ins. Co. v. Keillor*, 190 Mich. App. at 502, 476 N.W.2d 453.

Recently, the Michigan Supreme Court reversed the Court of Appeals' decision in *Allstate Ins. Co. v. Keillor*, but on other grounds. *See Allstate Insurance v. Hayes*, 442 Mich. 56, 499 N.W.2d 743 (1993). The Supreme Court ruled that "... [w]hile the Court of Appeals correctly concluded that Keillor was not a third-party beneficiary, it erred in concluding that third-party beneficiary status was necessary to allow Keillor to 'continue to pursue the action' for a declara-

tion of coverage." *Id.* at 63, 499 N.W.2d at 746. By initiating the declaratory action and naming the injured parties as defendants, "the insurance company should be deemed to have consented to a determination in that action of all matters that might be at issue between it and those persons arising from the controversy in question." *Id.* at 69, 499 N.W.2d at 749 (citation omitted). So because Allstate, by filing the declaratory action against both the insured and the injured, had towed the boat into the harbor, it was precluded from scuttling it simply by claiming that the injured party lacked "standing."

■ Under the rule set forth in *Erie*, a federal court deciding a diversity case under state law must apply the law of the state's highest court. However, "[i]f the highest court has not spoken, the federal court must ascertain from all available data what the state law is and apply it." *Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir.1985). An intermediate appellate court's judgment that announces a rule of law is a datum for ascertaining state law which should not be disregarded by a federal court unless it is convinced by other persuasive data that the state's highest court would decide otherwise. *FL Aerospace v. Aetna Casualty and Sur. Co.*, 897 F.2d 214, 218 (6th Cir.1990) *cert. den'd*, 498 U.S. 911, 111 S.Ct. 284, 112 L.Ed.2d 238 (1990) (quotation omitted).

■ In deciding *Allstate Ins. Co. v. Hayes*, the Michigan Supreme court expressly noted that it was not resolving the issue presented to this Court in the instant case, viz. "whether [an injured party who is not a third-party beneficiary to a contract] can present a case or controversy sufficient to invoke the jurisdiction of the court as *plaintiff.*" *Id.* (emphasis added). This Court answers that inquiry in the negative and holds that a plaintiff who is not a third-party beneficiary to a contract has no rights under the contract and, *a fortiori*, no "standing" to sue under the contract. *Stillman v. Goldfarb*, 172 Mich.App. 231, 238, 431 N.W.2d 247 (1988), *Frick v. Patrick*, 165 Mich.App. 689, 694, 419 N.W.2d 55 (1988), *see also Radosevic v. Virginia Intermont College*, 651 F.Supp. 1037,

1039 (W.D.Va.1987) (student who was injured when she was struck by an unsecured roof access hatch was not an "intended beneficiary" to a contract between the college and the roof maintenance company and, "[t]herefore, ... did not have standing to sue for breach of the contract....").

As with the insurance contract in *Allstate Ins. Co. v. Keillor*, the policy in the instant case establishes neither a promise nor a duty to benefit the party seeking to obtain third-party beneficiary status. Plaintiff Schafer Oil has not shown how the policy between Schafer Chevrolet and Federated evinces any objective intent by the promisor, Federated, to do something directly to or for Schafer Oil. Instead, Plaintiff asserts merely that because the insured property is owned by it, the insurance policy between Federated and Schafer Chevrolet necessarily "benefits Schafer Oil." Response 5. Plaintiff notes that the property description is specified in the policy. Therefore, Plaintiff's argument runs, the "objective standard" is satisfied, making Schafer Oil a third-party beneficiary under the policy. *Id.*

However, as stated above, the proper analysis does not permit the Court to classify everyone who indirectly or incidentally benefits from a contract as a third-party beneficiary. *Riley Construction Co., Inc. v. Dep't of Transportation*, 136 Mich.App. at 430, 357 N.W.2d 62. Instead, the factual inquiry demanded is whether the contract objectively evinces an intent by the promisor (Federated) to promise to give or to do something directly for the benefit of the person asserting third-party beneficiary status (Schafer Oil). Mich.Comp.Laws Ann. § 600.1405 (1981). Here, the benefits, if any, that inure to Schafer Oil as the owner of the land described in the policy between Schafer Chevrolet and Federated are indirect. Furthermore, it appears that any benefits that Schafer Oil could hope to receive from the policy would flow from the promisee (Schafer Chevrolet) and not the promisor (Federated). *See Frick v. Patrick*, 165 Mich.App. 689, 695, 419 N.W.2d 55 (1988) (holding that plaintiffs were not third-party beneficiaries to a lease when any benefits they would have received from the lease would be indirect benefits from the promisee, not direct benefits from the promisor).

Unlike cases where the promisor promises to give or to do or refrain from doing something *directly* to the claimant (thus conferring standing upon him as a third-party beneficiary) [1], Plaintiff Schafer Oil has pointed to nothing in the policy between Schafer Chevrolet and Federated which indicates that the Federated promised to do anything for Schafer Oil.

Because Schafer Oil is (at best) an incidental beneficiary, the Court holds that under M.C.L. § 600.1405 Schafer Oil cannot be an intended third-party beneficiary to the insurance policy between Federated and Schafer Chevrolet. Schafer Oil thus does not have standing to bring suit against Federated under the policy.

**B. WAIVER OF RIGHT TO CHALLENGE STANDING**

■ This Court is not persuaded by Schafer Oil's alternative argument regarding its entitlement to third-party beneficiary status, i.e. that Federated has somehow "waived" its right to object to Schafer Oil's standing by referring to Schafer Oil and Schafer Chevrolet as a "single entity" in a letter sent by Federated to Schafer Oil in September, 1992. The letter itself reveals that Federated was responding to claims made on behalf of both Schafer Oil and Schafer Chevrolet. Furthermore, as Schafer Oil correctly points out in its Response, the Court must apply an objective standard to discern the intent of the parties "from the terms of the contract [itself]...." Response 4 (citing *Bowen v. Nel-*

---

1. See e.g. *Taggart v. U.S.*, 880 F.2d 867, 870 (6th Cir.1989) (holding that defendant Post Office was a third-party beneficiary to a settlement signed by a plaintiff in a slip and fall case against an adjacent landowner when the release plainly stated that plaintiff would also release "any and all other persons ... whether herein named or referred to or not."); *Dagen v. Baldwin*, 159 Mich.App. 620, 629, 406 N.W.2d 889 (1987) (plaintiffs were third-party beneficiaries to a contract which provided that a class of persons including them "shall not be assigned to perform work that entails a significant degree of risk to life or health."); see also *Greenlees v. Owen Ames Kimball Co.*, 340 Mich. 670, 66 N.W.2d 227 (1954).

*son Credit Centers, Inc.,* 137 Mich.App. 76, 357 N.W.2d 811 (1984)).

### V. CONCLUSION

For the reasons stated herein, this Court finds that Plaintiff Schafer Oil lacks standing to bring the instant claim against Federated. Accordingly, Federated's Motion for Summary Judgment is GRANTED and the claims asserted against it by Schafer Oil are DISMISSED.

IT IS SO ORDERED.