Meter, P.J.
 

 Defendant appeals by leave granted from the circuit court’s order granting plaintiff’s motion for summary disposition and reversing an earlier order by the district court. The circuit court ruled that defendant was obligated to make payments for plaintiff’s injuries under the medical payment provision of an insurance policy. We reverse.
 

 FACTUAL BACKGROUND
 

 In August 1997, plaintiff allegedly suffered dental injuries during a bar fight at the Elite Bar in Water-vliet, Michigan. Plaintiff asserted below that he incurred approximately $2,000 in medical bills as a result of the injuries. Plaintiff claimed that (1) an action against the individual who struck him was not feasible because the individual had not been identified and (2) an action against the bar was not feasible because it had breached no duties. Accordingly, plaintiff contacted the bar’s insurance company, defendant, and attempted to secure direct payment for the medical bills.
 

 The portion of the insurance contract on which plaintiff relied in seeking payment states, in relevant part:
 

 1. Insuring Agreement.
 

 a. We will pay medical expenses as described below for “bodily injury” caused by an accident:
 

 (1) On premises you own or rent;
 

 b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:
 

 
 *558
 
 (2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices.
 

 Exclusions.
 

 We will not pay expenses for “bodily injury:”
 

 a. To any insured.
 

 Defendant refused to make the requested payments because the bar asked it not to do so, and plaintiff filed his complaint and a motion for summary disposition under MCR 2.116(C)(10) in the district court. At the motion hearing, plaintiff argued that the contract was a classic third-party beneficiary contract and that he was therefore entitled to sue for the payments as a third-party beneficiary. Defendant argued that plaintiffs suit had to be dismissed because, under MCL 500.3030,
 
 [1]
 
 a person cannot directly sue an insurance company. Defendant further argued that even disregarding MCL 500.3030, plaintiff’s suit was not viable because defendant did not undertake a promise directly for the benefit of plaintiff, and therefore plaintiff was not a third-party beneficiary under Michigan law.
 

 THE COURTS’ RULINGS
 

 The district court ruled, in part, as follows:
 

 
 *559
 
 I think both parties agree that there really are no issues of fact here. It seems to be a purely legal question as to whether or not, number one, Plaintiff has a right of direct action against the insurance company, and number two, if so, whether this is an enforceable third-party beneficiary contract.
 

 The—this is—involves an insurance policy, which I believe is fairly common in commercial and even homeowner’s policies, which gives the insured the option to pay medical expenses of a third-party who is injured on the insured’s premises. Typically it has fairly low limits, and typically the purpose for such a policy is to provide for prompt and undisputed payment of medical expenses without having to argue with one’s insurance company about fault or who’s at fault and so forth. It appear [sic]—that this is a policy that the Elite Bar had with North Pointe Insurance, which at the—so that the Elite Bar could pot [sic] to pay the medical expenses of patrons who suffer injury on the premises, apparently with the hope of avoiding full-blown litigation, which certainly would benefit North Pointe Insurance as well as the Elite Bar.
 

 The Court denies the motion for summary disposition. Although I understand that Plaintiff would—or Defendant would like me to rule that Plaintiff has no right of direct action against the insurance company, I’m not going to do so and find that it’s not necessary in light of my ruling that the Plaintiff, the Court finds, has no—is not a third-parly beneficiary of this contract and therefore has no third-party beneficiary rights.
 

 North Pointe Insurance never undertook to do anything directly for Mr. Schmalfeldt. It undertook to do something for North Pointe Insurance. Mr. Schmalfeldt was not known to North Pointe Insurance at the time this insurance contract was entered into, and there was—the Court finds that Mr. Schmalfeldt would certainly be an incidental beneficiary, but not a—would not directly benefit from this insurance policy.
 

 
 *560
 
 So the Court not only denies the motion for summary disposition, but under Michigan Court Rule 2.116(I)(2) finds that the Defendant is entitled to summary disposition and orders that a judgment of no cause of action enter for the reasons that the Court stated orally.
 

 Subsequently, plaintiff appealed the case to the circuit court. Defendant contended that the gist of the district court’s holding—that plaintiff was not a third-party beneficiary of the contract—was correct, because the provision at issue was intended to benefit defendant (by, for example, reducing litigation costs) and the insured (by facilitating “goodwill” payments for minor injuries) and not persons such as plaintiff.
 

 The circuit court disagreed, ruling, in part, as follows:
 

 The Court finds looking objectively at this provision within the commercial generalable [sic]—general liability insurance policy and even taking it in the context of the whole policy that this coverage, coverage C, directly benefited persons who are members of the general public who were patrons or persons on the premises of the Elite Bar in general, and Mr. Schmalfeldt in particular, who sustain bodily injury while on the premises without regard to fault. They are the persons, in this case Mr. Schmalfeldt was the person who suffered the loss, and in this case the loss was almost $2,000 of dental bills.
 

 The insured as to this part of the policy was not the direct beneficiary, I find as a matter of law, but rather the indirect and incidental beneficiary, because of the fact that it is in the nature of a no-fault reimbursement for out-of-pocket expenses incurred by the person who sustained the bodily injury. They are the ones who would directly benefit by the insurance coverage. The insured in this case realizes an indirect and incidental benefit in the form of, you know, goodwill mid perhaps reduction of litigation by payment of—of an out-of-pocket expense so that the person doesn’t get a lawyer and file a lawsuit and they don’t have to go
 
 *561
 
 through the expense and difficulty and hassle, if you will, of going through litigation in perhaps many cases.
 

 So while I find that there is a benefit to both the insured and Mr. Schmalfeldt, I find that [the district court] got the benefits backwards and that the direct benefit is, in fact, to Mr. Schmalfeldt and that the indirect benefit as to this part of the policy is to the insured.
 

 . . . [A]s Mr. Field said, this is not a case which is sounding in tort, rather it’s a case which is sounding in contract and breach thereof. And so obviously the insurance company would have to be made a party to the contract [sic, lawsuit].
 

 ... I find that. . . the Plaintiff-Appellant was entitled to summary disposition in his favor on the basis that he was in fact and in law a third-party beneficiary of the contract. There are no material issues of fact in dispute herein, and therefore Defendant-Appellee is liable to pay these amounts as submitted.
 

 Defendant now appeals from this ruling, arguing that the district court’s assessment of the issue should prevail over that of the circuit court. We agree.
 

 STANDARD OF REVIEW
 

 This Court reviews de novo an order granting summary disposition.
 
 Spiek v Dep’t of Transportation,
 
 456 Mich 331, 337; 572 NW2d 201 (1998). “When reviewing a motion granted under MCR 2.116(C)(10), we must examine all relevant documentary evidence in the light most favorable to the nonmoving party and determine whether there exists a genuine issue of material fact on which reasonable minds could differ.”
 
 Progressive Timberlands, Inc v R & R Heavy
 
 
 *562
 

 Haulers, Inc,
 
 243 Mich App 404, 407; 622 NW2d 533 (2000).
 

 ANALYSIS
 

 In Michigan, third-party beneficiary status is defined by MCL 600.1405, which states, in part:
 

 Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
 

 (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise had undertaken to give or to do or refrain from doing something directly to or for said person.
 

 An objective standard is used to determine a plaintiffs status.
 
 Krass v Tri-County Security, Inc,
 
 233 Mich App 661, 665-666; 593 NW2d 578 (1999). The law presumes that a contract has been executed for the benefit of the contracting parties,
 
 Oja v Kin,
 
 229 Mich App 184, 193; 581 NW2d 739 (1998), and the mere fact that a third person would incidentally benefit does not give the third person a right to sue for the breach of contract.
 
 Kammer Asphalt Paving Co, Inc v East China Twp Schools,
 
 443 Mich 176, 190; 504 NW2d 635 (1993).
 

 No published Michigan case has addressed the issue of direct versus incidental beneficiaries in the context of a medical payment provision such as that at issue in the instant case.
 
 [2]
 
 However, in
 
 Allstate Ins
 
 
 *563
 

 Co v Keillor,
 
 190 Mich App 499, 502; 476 NW2d 453 (1991), rev’d on other grounds sub nom
 
 Allstate Ins Co v Hayes,
 
 442 Mich 56; 499 NW2d 743 (1993), the Court concluded that under the following language, the defendant Keillor, who was injured in an automobile accident, did not constitute a third-party beneficiary of the contract at issue: “We will pay all sums arising from the same loss which an insured person become [sic] legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy.” The
 
 Keillor
 
 Court concluded that the “plaintiff’s policy did not establish a promise or duty to benefit the defendant as an injured third-party.”
 
 Keillor, supra
 
 at 502. In
 
 Hayes, supra
 
 at 63, the Supreme Court noted that the
 
 Keillor
 
 panel “correctly concluded that Keillor was not a third-party beneficiary . . . .” The Court also stated:
 

 The policy issued by Allstate is not one of indemnity, that is, the policy does not require that the insured first pay any judgment before the insurer is liable to its insured. The policy is, instead, one of liability. That is, the insured is not required to first pay the judgment. After all, “the purpose of the liability policy is to shield the insured from being required to make any payment on the claim for which he is liable.” 11 Couch, Insurance, 2d (rev ed), § 44:4, p 188.
 
 [Hayes, supra
 
 at 62, n 6.]
 

 While the medical payment provision at issue in the instant case differs from the provision at issue in
 
 Keillor
 
 and
 
 Hayes
 
 because the instant provision does not refer to liability, we nonetheless find
 
 Keillor
 
 and
 
 *564
 

 Hayes
 
 instructive. Indeed, like the provision in
 
 Keillor
 
 and
 
 Hayes,
 
 the purpose of the provision in the instant case is essentially to “shield the insured” from having eventually to pay out-of-pocket expenses. We conclude that the contract at issue in the instant case benefits the insured and that plaintiff was merely an incidental beneficiary who was not entitled to enforce the contract.
 

 This conclusion finds support in cases from other jurisdictions. In
 
 Zegar v Sears Roebuck & Co,
 
 211 Ill App 3d 1025, 1027-1028; 156 Ill Dec 454; 570 NE2d 1176 (1991), the plaintiff feU in a Sears store and sued the store’s insurer under a medical payment provision materially similar to that in the instant case. The court reasoned as foUows:
 

 We do not find that the insurance contract between Sears and Allstate contemplates a direct action against the insurer for an injured party’s medical expenses whenever any person is injured on the insured premises of a Sears store. The medical payment coverage may be viewed as a salutary attempt to
 
 allow,
 
 but not require, Sears to pay relatively small, easily ascertainable medical reimbursements, without a formal determination of fault. This would allow Sears, as insured, to facilitate settlement of some claims by paying actual medical costs without admitting or contesting liability. .. .
 

 . . . We believe that although in some respects Zegar may be viewed as a third party beneficiary of the contract between the insured and insurer, the coverage provisions of an insurance policy are primarily for the benefit of the contracting parties and only incidentally for injured claimants.
 
 [Id.
 
 at 1030-1031 (emphasis in original).]
 

 In
 
 Trouten v Heritage Mut Ins Co,
 
 632 NW2d 856, 862 (SD, 2001), the South Dakota Supreme Court
 
 *565
 
 favorably cited
 
 Zegar
 
 and noted that an injured person could not maintain a direct action against an insurance company under a medical payment provision because doing so would “provide for potential multiplicity of lawsuits, i.e., a direct claim against the insurer and a tort claim against the insured, which both arise out of the same incident.”
 

 We agree with the
 
 Zegar
 
 court’s conclusion that a medical payment provision such as that involved in the instant case is primarily “for the benefit of the contracting parties and only incidentally for injured claimants.”
 
 Zegar, supra
 
 at 1031. This conclusion dovetails with the language found in
 
 Keillor
 
 and
 
 Hayes
 
 and leads us to conclude that the circuit court erred in reversing the district court’s grant of summary disposition to defendant. As an incidental beneficiary of the contract between defendant and the bar, plaintiff had no right to sue for breach of the contract.
 
 Kammer, supra
 
 at 190.
 
 [3]
 

 In light of our resolution of the case, we need not address the additional issue defendant raises on appeal.
 

 Reversed and remanded for entry of judgment in favor of defendant. We do not retain jurisdiction.
 

 [1]
 

 MCL 500.3030 states:
 

 In the original action brought by the injured person . . . the insurer shall not be made or joined as a party defendant, nor, except as otherwise provided by law, shall any reference be made to such insurer or to the question of carrying of such insurance during the course of trial.
 

 [2]
 

 Contrary to the circuit court’s and plaintiff’s contention,
 
 Hoehner v Western Casualty & Surety Co,
 
 8 Mich App 708; 155 NW2d 231 (1967), does not squarely address the issue at hand. In
 
 Hoehner,
 
 the Court construed another aspect of a medical payment provision and did not rule on the issue presented by the instant case. See
 
 id.
 
 at 718. While it is true that in
 
 Hoehner,
 
 the Court operated under the
 
 assumption
 
 that the iqjured
 
 *563
 
 was a third-party beneficiary of a medical payment provision and entitled to payment, the issue simply was not addressed, and
 
 Hoehner
 
 cannot be considered precedential with respect to the instant case. As noted by defendant, the parties in
 
 Hoehner
 
 may have simply
 
 conceded
 
 that the injured was a third-party beneficiary entitled to enforce the medical payment provision.
 

 [3]
 

 We acknowledge that there is a split of authority among the states with regard to the issue we address today. For example,
 
 Hunt v First Ins Co of Hawaii,
 
 82 Hawaii 363, 369; 922 P2d 976 (1996),
 
 Desmond v American Ins Co,
 
 786 SW2d 144 (Mo App, 1990), and
 
 Maxwell v Southern American Fire Ins Co,
 
 235 So 2d 768, 770-771 (Fla App, 1970), conclude that an injured person is indeed a third-party beneficiary under a medical payment provision in an insurance contract. We believe, however, that our holding today represents the best-reasoned view.